Ignacio Raymond ESPINOSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 43399.

Court of Criminal Appeals of Texas.

Feb. 10, 1971.

Sterling Robertson, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

DOUGLAS, Judge.

OPINION

This is an appeal from a conviction for burglary with intent to commit theft. After a verdict of guilty by the jury, the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed by the court at life.

First the sufficiency of the evidence is challenged. A building occupied by Jacobs Iron and Metal Company in West Dallas was entered during the early morning hours without the consent of the plant manager, the alleged owner of the building. Entry was made after two large holes were knocked into a concrete wall. A clock radio, vacuum cleaner with its hose and attachments, typewriter, check protector, barometer, receipt book, a large number of keys and approximately $40.00 in change were among the items stolen.

At approximately 3:30 a. m., between one-half to two-thirds of a mile from the Jacobs building, Officer Smoot of the Dallas Police Department was patrolling what he called a high crime area when he noticed what he thought were two or possibly three men running across the street toward, and then behind, a washateria. The driver of the patrol car slowed down and Smoot got out and pursued the men. Near the washateria he saw the appellant walking with an object in his hand, later determined to be an aluminum extension of the hose that fit the stolen vacuum cleaner. The officer searched and found in appellant's pocket keys that had been taken during the burglary.

Officer Smoot then took appellant near the edge of the washateria where he saw a boy and then noticed a typewriter and a clock radio on the ground. Shortly thereafter a second boy approached, apparently to surrender. He had a large bulge in his pocket because it contained more than $38.-00 in change.

When the officers, with the suspects, arrived at City Hall, Smoot told the other officer to take the keys out of appellant's pockets. Appellant cursed and asked, "What keys?" He had already taken the keys out of his pockets and some of them were found under the backseat and some were on the seat.

The fourteen-year-old boy was called as a witness by the defendant and the thirteen-year-old was called by the State.

Both testified that the two of them committed the burglary and that appellant had not participated in it. Their testimony was in conflict as to which one of the boys furnished the burglary tools and about the items each took. Nearly all of the stolen items except the check protector were found. The younger boy testified that he and the appellant lived at the same address.

The appellant testified that he had nothing to do with the burglary and that he was on the way home from a friend's house when he found the keys and suction pipe, or tube, in a ditch.

On cross-examination, he testified that he took the keys out of his pockets before he got to jail because the officers said he had been "burglarizing." He further testified that he had been convicted in Federal Court in 1960 for entering a railroad car with intent to commit larceny; and that he had been convicted in 1962 in Judge Joe Brown's court for burglary; and that he had been convicted on January 6, 1966, in Cause No. C–65–586–KJ, of attempting to pass a forged instrument knowing it to be forged.

The State's theory was that the boys were too small to break into the concrete wall of the building and that the typewriter and check protector were taken by or at the insistence of the appellant, because the boys did not know what a check protector was.

The jury chose not to believe appellant's evidence.

■ This Court must view the evidence in the light most favorable to the jury's verdict. Parker v. State, Tex.Cr.App., 432 S.W.2d 526. The proof that the plant manager who had charge and was in possession of the property did not consent to the entry or theft is sufficient to prove ownership and lack of consent. See Article 1415 V.A.P.C. and Brown v. State, Tex.Cr.App., 460 S.W.2d 925. Proof of non-consent by the actual owner is not re-

**10**

quired. Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

 The testimony of the two juvenile witnesses that they alone committed the burglary raises no more than an issue of fact for the jury. Miles v. State, Tex. Cr.App., 413 S.W.2d 389.

Possession of recently stolen property, from a building which was left closed, is sufficient to support the conviction for burglary with intent to commit theft. Sullivan v. State, Tex.Cr.App., 433 S.W.2d 904; Rodriguez v. State, Tex.Cr.App., 417 S.W.2d 165; Perez v. State, Tex.Cr.App., 396 S.W.2d 870. An explanation of an accused must be made at the time he was found in possession of the property before such explanation has to be disproved.

The jury had before it sufficient evidence to conclude that appellant was guilty as a principal.

 Appellant next contends that the punishment should not have been enhanced under Article 63, V.A.P.C., because the proof does not show that the first conviction used for enhancement was final before the commission of the second offense which resulted in the subsequent prior conviction alleged for enhancement.

The indictment contained an allegation that appellant had been convicted on the 13th day of July, 1962, in the Criminal District Court of Dallas County, for the offense of burglary. It was also alleged that appellant had been convicted on the 6th day of January, 1966, in Criminal District Court No. 3 of Dallas County in Cause No. C65–584–KJ, for attempting to pass as true a forged instrument knowing the same to have been forged. The 1966 judgment in Cause No. C65–584–KJ was introduced. It contains, among others, the recital as follows:

"That the said defendant is guilty of the felony offense of attempt to pass a forged instrument as charged in the 2nd count of the indictment and that the said

defendant committed said offense on the 3rd day of Dec. 1965. * * *"

This is a judicial finding of the date the offense was committed, and is sufficient. The use of judgments showing the date of the commission of offenses is a simple way to comply with what has been the most difficult part of the proof required in Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697, and in other cases which hold that in order to invoke the provisions of our habitual criminal statute, it is necessary that each succeeding conviction be subsequent to the previous conviction, both in point of time of the commission of the offense and the conviction therefor.

 It is not necessary that the indictment in the prior convictions be introduced to show the date of the commission of the offense. While the introduction of an indictment may be helpful in some cases, the allegation that a crime was committed on or about a certain date is not sufficient, standing alone, to show the date of the commission of an offense. Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383.

The record contains no reversible error.

The judgment is affirmed.