**Everett W. JAYROE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–85–057–CR.**

Court of Appeals of Texas,
Texarkana.

Jan. 28, 1986.
Rehearing Denied March 18, 1986.

Robert B. Ardis, Sulphur Springs, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

GRANT, Justice.

Everett W. Jayroe, Jr. appealed his April 11, 1985, jury conviction for the offense of burglary of a habitation. The jury also determined punishment at twenty-five years confinement and a $5,000.00 fine. On appeal, Jayroe challenges the sufficiency of the evidence and the effectiveness of assistance of counsel.

In determining the sufficiency of evidence in both direct and circumstantial evidence criminal cases, we review all of the evidence most favorable to the jury verdict and determine whether any rational trier of fact could have found all of the essential elements of the alleged offense beyond a reasonable doubt. *Brandley v. State*, 691 S.W.2d 699 (Tex.Crim.App.1985); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App. 1983).

On September 24, 1984, Wesley McMahan and his family left their Hopkins County residence at approximately 2:00 p.m. The McMahans were traveling to Paris, Texas, for an afternoon and evening of shopping. They returned to their home on the same date at approximately 9:00 p.m. Upon entering their home, the McMahans discovered that their house had been burglarized with several personal property items being stolen.

Hopkins County Sheriff Mitchell and Game Warden Ricketson, without having any knowledge of the McMahan burglary, came upon Jayroe who was driving a pickup truck a few miles east of the McMahan residence and on State Highway 19 north of Sulphur Springs, Texas. The sheriff was accompanying the game warden who was patrolling the county generally checking the dove hunters for dove hunting season game violations. Jayroe's vehicle was traveling in front of the game warden's vehicle. For some unknown reason, Jayroe suddenly directed his vehicle to the side of the highway and stopped. The two officers stopped to determine whether any assistance was needed. In the ensuing conversation, Jayroe, who identified himself with an Oklahoma driver's license as Kevin Charles Lancaster, informed the game warden that while dove hunting he had shot one off of an electrical highline wire with his rifle and that he had no hunting license. Since these two acts were game law violations, the game warden requested that Jayroe follow the officers in his vehicle to the Hopkins County sheriff's office.

While at the scene of the initial game violation arrest and after reaching the Hopkins County sheriff's office, both the game warden and the sheriff observed a metal detector, a handgun and an overnight bag containing numerous other personal items and money, which upon subsequent inventory and investigation was determined to be the property taken in the McMahan burglary. The McMahans specifically and positively identified in court almost all of this property as being that which was stolen from them in the burglary.

■ Where there is independent evidence of the burglary and the evidence shows that the accused was in possession of recently stolen property and this possession is exclusive or personal to the defendant, recent, unexplained, and is indicative of a distinct and conscious assertion of right to the property by the accused, then the evidence is sufficient to sustain the conviction for burglary. *Harris v. State,* 656 S.W.2d 481 (Tex.Crim.App.1983); *Williams v. State,* 621 S.W.2d 613 (Tex.Crim. App.1981), *cert. denied,* 456 U.S. 908, 102 S.Ct. 1755, 72 L.Ed.2d 165 (1982); *Espinosa v. State,* 463 S.W.2d 8 (Tex.Crim.App. 1971); *Durant v. State,* 688 S.W.2d 265 (Tex.App.—Fort Worth 1985, no pet.).

In the instant case, Jayroe was arrested on the other charge while he was in exclusive possession of property stolen in the McMahan burglary offense. This burglary occurred within a seven hour period on the same date of Jayroe's possession of the property. The burglary was discovered at approximately the same time that Jayroe was initially detained on the hunting law violations. Jayroe was discovered in exclusive possession of the stolen property at a location within the same county in the general vicinity of the McMahan's burglarized residence.

■ However, Jayroe contends that the evidence is insufficient because the State did not rebut his explanation of the possession of the property. The evidence reflects that Jayroe gave only two conflicting explanations. Initially, at the scene of the game law violation detention, Jayroe voluntarily explained that some of the property, that in the overnight bag, belonged to his sister. Later, when attempting to explain why he could not make bail on the game law violations, Jayroe denied having a sister and stated that he had purchased the overnight bag and its contents, but did not say from whom. No other evidence of any other explanation is in the record. Before such explanations are required to be disproved by the State, they must be made by the accused at the time he was found in possession of the property. *Espinosa v.*

*State, supra; Durant v. State, supra.* The State is not required to disprove the falsity of every explanation made by the defendant, but only that given when first questioned. *Simmons v. State,* 493 S.W.2d 937 (Tex.Crim.App.1973). Since the defendant gave only one explanation at the scene when first detained and gave another contradictory explanation along with the false identity, the State has met its burden of proof.

■ Next, we examine whether the attorney at trial, also the same attorney on appeal, rendered ineffective assistance of counsel. Jayroe contends that due to a rejected but initially expected plea bargain agreement, his attorney did not expect to go to trial and was not as prepared to defend Jayroe as he should have been. Jayroe claims that he received ineffective assistance of counsel due to his attorney failing to request a continuance on the trial date. We disagree and overrule this ground.

The right to effective assistance of counsel merely insures the right to reasonably effective assistance. *Ingham v. State,* 679 S.W.2d 503 (Tex.Crim.App.1984). The efficiency and the effectiveness of an attorney's assistance must be gaged by the totality of the representation of the accused to see that the accused has received reasonably effective assistance. *Johnson v. State,* 691 S.W.2d 619 (Tex.Crim.App.1984); *Ingham v. State, supra.* And, judicial scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Ingham v. State, supra.*

In making this determination, a two-step analysis is required in determining an ineffective assistance of counsel claim. First, the inquiry must be whether or not counsel's performance was deficient. Second, the defendant must demonstrate to a reasonable probability that but for the errors of counsel the result of the proceeding would be different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ingham v. State, supra; Wrighten v. State,* 691 S.W.2d 724

(Tex.App.—Texarkana 1985, no pet.). Although Jayroe claims his attorney did not do a good job and Jayroe received twenty-five years confinement, he has failed to meet the two-step analysis requirement. There is no showing in the record that Jayroe was entitled to a continuance and no showing that the attorney was not prepared to defend the case. The record reflects that the attorney had knowledge of the facts and was able to effectively cross-examine the witnesses.

Therefore, the judgment of the trial court is affirmed.