Larry SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–338–CR.

Court of Appeals of Texas, Corpus Christi.

June 30, 1988.

Mark Janssen, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant was charged with the offense of burglary of a habitation. Tex. Penal Code Ann. § 30.02 (Vernon 1974). Two prior felony offenses were alleged in the indictment for enhancement purposes. The jury found appellant guilty˙and assessed punishment at thirty years of confinement. Appellant challenges the sufficiency of the evidence to support his conviction and complains the indictment is defective.

By his first and second points of error, appellant contends the evidence was insufficient to convict him, either individually or as a party to the burglary. Appellant complains that the evidence was entirely circumstantial and the State's proof failed to exclude all other hypotheses.

■ In a circumstantial evidence case, it is not required that the circumstances exclude every hypothesis. It is enough if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Castillo v. State*, 739 S.W.2d 280, 288 (Tex.Crim.App. 1987). It has been said:

It is not required that the circumstances should, to a moral certainty, actually exclude every hypothesis that the act may have been committed by another person, but that the hypothesis is a reasonable one consistent with the circumstances and the facts proved. (Citations omitted) Each fact need not point directly and independently to the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to sup-

port the evidence. (Citations omitted) However, proof which amounts only to a strong suspicion or mere probability is insufficient.

*Carlsen v. State*, 654 S.W.2d 444, 447 (Tex. Crim.App.1983).

In considering the sufficiency of the evidence to support a conviction, an appellate court must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). This standard is the same for both direct and circumstantial evidence cases.

■ To show guilt, the State relies on the recent unexplained possession by appellant of property stolen from the habitation of the Hernandez family. The evidence, viewed in the light most favorable to the verdict, showed the following: On January 13, 1987, David Hernandez locked and secured his home before leaving at 5:30 p.m. Upon returning home at 6:00 p.m. he found that his home had been burglarized. The front door had recent pry marks on it. A VCR and three VCR tapes were missing. Hernandez testified he had not given appellant permission to enter the apartment.

That same morning three detectives had talked with Allen Petree, appellant's employer, about appellant. Throughout the day, Petree kept the police department informed of his contact with appellant. Appellant called Petree around 11:30 a.m. and Petree told him he was interested in a VCR and radar detector. Appellant told him "he would not be able to get one until Thursday." However, that same day around 4:00 p.m., appellant called Petree and said he could get a VCR by 6:30 that evening. At 6:15 p.m., appellant and a passenger arrived at Petree's house with the stolen VCR and three tapes.

Appellant told Petree he wanted $150.00 for the VCR. Petree said he did not have the money that evening. Appellant left the VCR with Petree. The next day Petree paid appellant $50.00 (fronted by the police) and said the rest would be paid when appellant brought the remote control unit. La-

ter that day, an undercover agent paid appellant the $100.00 balance and received the remote control unit.

The VCR and tapes were turned over to the police. Hernandez recognized his VCR at the police station because of the serial numbers it bore and other identifiable marks on the machine. He recognized the titles of the tapes.

■ When a defendant is found in recent, unexplained, possession of items taken in a burglary, that evidence is sufficient to convict for the burglary. *Jackson v. State,* 645 S.W.2d 303 (Tex.Crim.App.1983); *Cabello v. State,* 655 S.W.2d 293 (Tex.App.—Corpus Christi 1983, no pet.); *Davis v. State,* 645 S.W.2d 855 (Tex.App.—Austin 1982, pet. ref'd). The possession must be personal, recent, unexplained and involve a conscious assertion of defendant's right to the property. *Vasquez v. State,* 694 S.W.2d 56, 60 (Tex.App.—Corpus Christi 1985, pet. ref'd.). If the defendant explains his possession when he is found in possession of the property, the record must demonstrate that the explanation is false or unreasonable. *Adams v. State,* 552 S.W.2d 812 (Tex.Crim.App.1977). An explanation made at the time of trial is not controlling. *Espinosa v. State,* 463 S.W.2d 8 (Tex.Crim.App.1971); *Durant v. State,* 688 S.W.2d 265 (Tex.App.—Fort Worth 1985, pet. ref'd.).

The State conclusively proved that appellant was in recent possession of property stolen in the burglary of the Hernandez habitation. There is nothing in the record that shows appellant explained his possession of the VCR and tapes at any time prior to trial. Furthermore, the evidence established that within half an hour of the burglary appellant attempted to sell the goods, asserting a right to the property.

In reviewing the evidence in the light most favorable to the verdict, we are persuaded that the combined and cumulative force of all the incriminating circumstances is sufficient to support the jury's verdict. Points of error one and two are overruled.

■ By his third point of error, appellant complains that the indictment is defective since it does not state the location where the offense occurred within the county. Appellant contends the indictment fails to give him notice of which residence he was accused of burglarizing. Appellant did not object to the indictment prior to trial; therefore, he waived the right to object on appeal. Tex.Code Crim.Proc.Ann. art. 1.14 (Vernon Supp.1988). The indictment in any event was sufficient to give appellant notice of the situs of the offense. *See Franks v. State,* 688 S.W.2d 502 (Tex.Crim.App.1985); *Hodge v. State,* 527 S.W.2d 289 (Tex.Crim.App.1975). Appellant's third point of error is overruled.

The judgment below is AFFIRMED.