**Lacey Odell TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00260–CR.**

Court of Appeals of Texas,
El Paso.

March 21, 1996.

Robert P. Abbott, Coppell, for appellant.

John Vance, Criminal District Attorney, Dallas, for state.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

Lacey Odell Taylor appeals his conviction for the offense of burglary of a vehicle, enhanced by a prior felony conviction. Appellant waived his right to a jury trial and entered a plea of not guilty. Upon a finding of guilt, Appellant entered a plea of true to the enhancement paragraph. The trial court found the enhancement paragraph true and assessed punishment at 10 years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $1,000 fine. Appellant challenges the sufficiency of the evidence by three points of error. We affirm.

## FACTUAL SUMMARY

At approximately 12:30 on the afternoon of March 11, 1994, Stephen Paul Wyatt left his van parked behind his workplace, Mountain Bike Innovations. At around 3 p.m., Wyatt discovered that someone had entered his van without his consent and taken a specialized M2 mountain bicycle, sunglasses, and a backpack containing Wyatt's riding clothes. The thief had also removed a radio and mounted speakers. Wyatt immediately reported the burglary to the police department. Approximately two weeks after the burglary, Wyatt took a photograph of his bicycle to pawn shops located near the scene of the burglary to determine whether it had been pawned. An unidentified person associated with Value–Plus Pawn, which is located only two miles from Mountain Bike Innovations, told Wyatt that the pawn shop had taken in the bicycle depicted in the photograph. The

owner of the pawn shop gave Wyatt the number of the Dallas Police Department Pawn Shop Unit. Wyatt called the Pawn Shop Unit and notified police of his discovery. The following day, the Pawn Shop Unit called Wyatt and notified him that his bicycle had been released and he could pick it up at the pawn shop. Upon picking up his bicycle, Wyatt found that his sunglasses were still attached to his bicycle.

Detective Jesus Lucio, Jr. testified that he investigated the burglary of Wyatt's vehicle. Lucio stated that after Wyatt found his stolen property at the pawn shop and reported it to the Pawn Shop Unit, a detective in that Unit investigated "the item that was in the pawn shop itself." That detective completed his investigation and forwarded his supplemental report to Lucio. The supplemental report stated that a person named Lacey Odell Taylor had sold the stolen property to the pawn shop on the same day as the offense. Lucio then prepared a photo lineup which included Appellant's photograph and showed it to Max Kuykendall, the clerk at the pawn shop who had "done the transaction." According to Lucio, Kuykendall identified Appellant as the person who had "pawned the material" on the afternoon of March 11, 1994.

At trial, Kuykendall testified that a person named Lacey Odell Taylor sold[1] a black mountain bicycle and sunglasses to the pawn shop on the afternoon of March 11, 1994. The pawn shop's purchase ticket described the items sold by Appellant as a black specialized mountain bike and a pair of Oakley sunglasses. Kuykendall positively identified Appellant in a pretrial photographic lineup and at trial as the person who had sold the bicycle and sunglasses to the pawn shop.

Appellant testified at trial that he was in the pawn shop that afternoon for the purpose of buying some tools when an individual he knew as "Tony" pushed a bicycle into the shop and asked him if he would pawn a bicycle for him because he had no identifica-

---

1. Kuykendall explained that when property is sold to the pawn shop rather than pawned, it is placed in a "purchase hold" for three weeks and all of the information concerning the transaction is forwarded to the police department.

tion. Appellant admitted that he sold the bicycle to the pawn shop, but maintained that he did so only to assist "Tony." Appellant denied breaking into the complainant's van. The trial court rejected Appellant's testimony and found him guilty of the burglary.

### LEGAL SUFFICIENCY

In Point of Error No. One, Appellant contends that the evidence is legally insufficient to sustain his conviction because: (1) the State failed to establish that Appellant's possession of the stolen property was unexplained; (2) the State failed to rebut his explanation; and (3) the State failed to establish that he possessed the stolen property by exercising personal dominion and control over it. In reviewing the sufficiency of the evidence to support a criminal conviction, we must review all the evidence, both state and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991). We do not resolve any conflict of fact or assign credibility to the witnesses as it was the function of the trier of fact to do so. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim. App.1991). Instead, an appellate court's duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict. *Adelman*, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson*, 819 S.W.2d at 843.

When there is independent evidence of a burglary, the unexplained personal possession of recently stolen property will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim.App. 1983); *Jimenez v. State*, 750 S.W.2d 798, 802 (Tex.App.—El Paso 1988, pet. ref'd); *Durant v. State*, 688 S.W.2d 265, 267 (Tex.App.— Fort Worth 1985, pet. ref'd). In order to warrant an inference of guilt from the evidence of possession alone, such possession must be personal, recent, and unexplained, and must involve a distinct and conscious assertion of the right to the property by the defendant. *Jackson v. State*, 645 S.W.2d 303, 306 (Tex.Crim.App.1983); *Hood v. State*, 860 S.W.2d 931, 935 (Tex.App.—Texarkana 1993, no pet.); *Ellis v. State*, 691 S.W.2d 799, 800 (Tex.App.—Houston [1st Dist.] 1985, no pet.). If the defendant explains his possession of the property, the record must demonstrate that the explanation is false or unreasonable. *Adams v. State*, 552 S.W.2d 812 (Tex.Crim. App.1977); *Smith v. State*, 754 S.W.2d 414, 416 (Tex.App.—Corpus Christi 1988, no pet.).

Such an explanation by the defendant must be made when first called upon directly or circumstantially to do so, which could include the time of his arrest. *See Chavez v. State*, 843 S.W.2d 586, 587 (Tex. Crim.App.1992); *Marbles v. State*, 874 S.W.2d 225, 228 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *Hood*, 860 S.W.2d at 937; *Jayroe v. State*, 707 S.W.2d 652, 654 (Tex.App.—Texarkana 1986, pet. ref'd). The State is not required to refute an explanation made for the first time at trial. *Espinosa v. State*, 463 S.W.2d 8, 10 (Tex.Crim.App.1971); *Smith*, 754 S.W.2d at 416; *Durant*, 688 S.W.2d at 267; *see Simmons v. State*, 493 S.W.2d 937 (Tex.Crim.App.1973) (State is not required to disprove the falsity of every explanation made by the defendant, but only that given when first questioned).

With respect to his first two arguments, Appellant points to the following evidence as demonstrating that he made an explanation when arrested: (1) Appellant denied stealing the bicycle when arrested; (2) Appellant testified at trial that he explained to the arresting officers during interrogation following his arrest how he came to sell the bicycle; and (3) the arresting officer who testified could not remember whether Appellant gave an explanation for his possession of the bicycle. Thus, Appellant reasons that his testimony that he provided an explanation is "essentially unrefuted." We disagree.

Detective Michael Bartis testified that when he arrested Appellant pursuant to a

warrant and advised him of the charge, Appellant "just denied taking anything." When asked if Appellant offered an explanation as to how he got the bicycle or what transpired, Bartis replied, "Not that I remember." Upon further questioning, Bartis specifically stated that Appellant did not explain his conduct or provide him with an explanation "as to his innocence." Appellant, on the other hand, testified that he gave the arresting officers the same explanation as he had given at trial. Thus, the evidence is conflicting whether Appellant gave an explanation when first given the opportunity to do so. The trial court, as the finder of fact, was free to disbelieve Appellant's testimony and conclude that he made no explanation until the time of trial. Consequently, the State was not required to refute that explanation. *Espinosa*, 463 S.W.2d at 10; *Smith*, 754 S.W.2d at 416. Appellant's first two arguments are without merit.

▮▮ Appellant next contends that the State failed to establish that he had personal, physical possession of the bicycle or asserted a distinct and conscious right to it. Appellant further argues that his act of selling the bicycle for another person does not establish possession. In support of these contentions, Appellant points out that Kuykendall testified that another person was with Appellant at the time he sold the bicycle to the pawn shop and that he did not see which of the two men pushed the bicycle into the shop. Other than Appellant's testimony, there is no evidence that the other person with Appellant exercised care, custody, or control of the bicycle. The flaw in Appellant's argument is that it necessarily assumes that his testimony is true. The trial court, however, was free to disbelieve Appellant's testimony. The independent evidence established, and Appellant admitted, that he sold the complainant's bicycle to the pawn shop. This is sufficient to establish both personal possession and the assertion of a conscious and distinct right to the property. *See Kuczaj v. State*, 848 S.W.2d 284, 288–89 (Tex.App.—Fort Worth 1993, no pet.) (testimony of pawn shop employee, pawn slip, and insurance lists indicating that defendant pawned a VCR having same serial number as that stolen from victim was sufficient to show that defendant

possessed recently stolen property, that possession was exclusive or personal to defendant, and was unexplained and indicative of distinct and conscious assertion of right to property by defendant so as to sustain conviction for burglary of habitation); *Dickerson v. State*, 740 S.W.2d 567, 570 (Tex.App.—Fort Worth 1987, pet. ref'd) (evidence was sufficient to sustain burglary conviction; camera, camera case, binoculars, and radio belonging to victim were found at two different pawn shops, and pawn tickets for the items were found in defendant's wallet immediately after his arrest). Point of Error No. One is overruled.

### FACTUAL SUFFICIENCY

▮▮ In Points of Error Nos. Two and Three, Appellant challenges the factual sufficiency of the evidence. Specifically, in Point of Error No. Two, he reiterates the contentions raised in his first point of error. In Point of Error No. Three, Appellant contends that the evidence is factually insufficient to prove that he possessed the same bicycle previously stolen from the complainant. The Court of Criminal Appeals recently decided that a non-capital defendant has a right to appellate review of factual sufficiency of the elements of the offense. *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). In reviewing factual sufficiency, this Court considers all of the evidence, but does not view it in the light most favorable to the verdict. *Clewis*, 922 S.W.2d at 129. We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The Court of Criminal Appeals noted in *Clewis* that Texas courts have articulated the standard for factual sufficiency review in various ways. *Clewis*, at 134 n. 16. The standard stated in *Clewis*, and that generally followed by this Court, are, as applied, identical. *See Id.* Accordingly, for purposes of a factual sufficiency review of a criminal conviction, we now adopt the factual sufficiency analysis which has historically been applied to civil cases.

"Insufficient evidence" or factual insufficiency involves a finding that is so against the great weight and preponderance of the evidence as to be manifestly wrong. The test for factual insufficiency points is set forth in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). In reviewing a point of error asserting that a finding is against the great weight and preponderance of the evidence, the appellate court must consider all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. If the verdict is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained. In other words, if there is sufficient competent evidence of probative force to support the finding, a factual sufficiency challenge cannot succeed. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). This is true even if the finding is supported by no more than a scintilla of evidence and even though reasonable minds might differ as to the conclusions to be drawn from the evidence.

The realm of insufficient evidence exists in an area where there is some evidence of a fact in issue, sufficient that a jury question is warranted, but the evidence will not support a finding in favor of the proponent of that fact in issue. The parlance used by the courts of appeals is that such a finding "shocks the conscience" or that it is "manifestly unjust" limited by such phrases as "the jury's determination is usually regarded as conclusive when the evidence is conflicting," "we cannot substitute our conclusions for those of the jury," and "it is the province of the jury to pass on the weight or credibility of a witness's testimony." *See e.g., Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex.1994); *Beall v. Ditmore*, 867 S.W.2d 791, 795 (Tex.App.—El Paso 1993, writ denied).

In conducting a factual sufficiency review, the reviewing court cannot substitute its conclusions for those of the jury. It is not within the province of this Court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Be-*

*noit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (Tex.1951); *Reynolds v. Kessler*, 669 S.W.2d 801, 807 (Tex.App.—El Paso 1984, no writ). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820, 821 (1947); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d 131, 136 (Tex. App.—El Paso 1992, writ denied).

Applying the proper standard of review, we have considered all of the evidence in the record, including that contrary to the verdict. With respect to Point of Error No. Two, the evidence is factually sufficient to establish not only that Appellant possessed the bicycle, but that his conduct in selling the bicycle constituted a distinct and conscious assertion of the right to the property. Consequently, the evidence permits an inference by a rational trier of fact that Appellant committed the burglary of the vehicle. Point of Error No. Two is overruled.

Appellant's contention in Point of Error No. Three is based upon the rule that where the State relies upon evidence of possession of recently stolen goods to prove a burglary, the State must show that the goods were the identical goods taken from the burglarized place. *Nichols v. State*, 479 S.W.2d 277, 278 (Tex.Crim.App.1972). Detective Lucio testified that after Wyatt reported to the Pawn Shop Unit that his bicycle had been sold to Value Plus Pawn Shop, a detective from that Unit investigated Wyatt's information. After the detective completed his investigation, police authorized the pawn shop to release the complainant's bicycle to him. Lucio testified that he received a supplemental report by the Pawn Shop Unit detective which stated that a person named Lacey Odell Taylor had sold the property to the pawn shop on the same day as the offense. Kuykendall identified Appellant as the person who had sold him the black specialized mountain bike and sunglasses. Appellant argues that the only evidence which demonstrated that the bicycle Appellant sold is the identical bicycle stolen from the complainant is the unobjected-to hearsay testimony of Detective Lucio. Appellant is correct that

the State, without Detective Lucio's hearsay testimony, did not plainly establish that the bicycle sold by Appellant was the identical bicycle stolen from the complainant. On appeal, we must consider unobjected-to hearsay in determining the sufficiency of the evidence to sustain a conviction. *Harris v. State*, 727 S.W.2d 537, 541 (Tex.Crim.App.1987); *Edwards v. State*, 813 S.W.2d 572, 578 (Tex. App.—Dallas 1991, pet. ref'd); TEX.R.CRIM. EVID. 802; *Farley v. Farley*, 731 S.W.2d 733, 736–37 (Tex.App.—Dallas 1987, no writ) (unobjected-to hearsay must be considering in reviewing factual sufficiency of evidence). When Detective Lucio's testimony is considered with all of the other evidence in the case, a conclusion that the bicycle sold by Appellant is the identical bicycle stolen from the complainant is not so contrary to the overwhelming weight of the evidence as to be manifestly wrong or unjust. Accordingly, the evidence is factually sufficient to support the conviction. Point of Error No. Three is overruled.

Having overruled Points of Error Nos. One, Two, and Three, we affirm the judgment of the trial court.