TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00135-CR







Raymond T. Jones, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0954887, HONORABLE LARRY FULLER, JUDGE PRESIDING








 This appeal is taken from a conviction for burglary of a habitation. Tex. Penal Code Ann.
§ 30.02(a)(3) (West 1994). After the jury found appellant, Raymond T. Jones, guilty, it found that he had
been previously convicted of three felonies as alleged in the indictment and assessed punishment at 40
years' imprisonment.

 Appellant advances two points of error. Both points relate to the legal sufficiency of the
evidence to support the conviction. First, appellant makes a general assertion of insufficiency. Second,
appellant complains that he was convicted of burglary of a habitation when there was no evidence that he
entered the residence and was only shown to have possessed property which was taken from the detached
garage.

 Chris Grose left his Austin home about 9 a.m. on September 3, 1995. He returned
between 1 and 2 p.m. and noticed that his front door was unlocked. He discovered that five wristwatches
and his Texas A&M University ring were missing. It was determined that entry had been made through
a rear window of the house which had been dislodged. A crow bar and other tools taken from the garage
were outside the window. They had apparently been used to force the window. In his garage Grose found
that his new Trek bicycle and a Milwaukee reciprocating saw had been taken. The burglary was reported
to the Austin Police Department.

 Having found a styrofoam cup from Short Stop, a fast food restaurant, in his garage, Grose
began his own investigation. His visit to the restaurant was to no avail, but his visit to a nearby EZ Pawn
Shop produced results. There, he discovered his Trek bicycle which had been pawned. The bicycle was
identified by its serial number. The police were notified that the missing bicycle had been located.

 Officer Jack Garrett, the investigating officer, learned that appellant pawned the bicycle at
the EZ Pawn shop at 1:06 p.m. on the day of the burglary. The EZ Pawn Shop clerk identified appellant
as the man who pawned the bicycle. Appellant was alone and used his Texas identification card in the
transaction.

 Continuing his investigation, Officer Garrett went to Doc Holliday's Pawn Shop because
the serial number of a stolen V.C.R. matched the serial number of a V.C.R. pawned at that shop. There,
Garrett asked for any other records in appellant's name and found that a reciprocating saw had been
pawned at the shop at 1:34 p.m. on the date of the Grose burglary. Grose was able to identify the saw
because of the unusual blades he had placed on the saw as well as other identifying marks. The saw was
still in the red box in which Grose kept it. The Doc Holliday clerk testified that appellant pawned the saw
and used his Texas identification card in the transaction. The clerk recalled matching appellant with his
picture on his Texas identification card. The pawn shop was only five blocks from the EZ Pawn Shop in
question. Garrett relates that based on his twenty-three years of experience, burglars commonly use the
technique of pawning stolen items at different pawn shops to hinder any investigation and to make any
tracing of the property more difficult.

 Testifying in his own behalf, appellant admitted that he had previously been convicted of
three felonies, two convictions for burglary and one conviction for delivery of a controlled substance. He
stated that he had pled guilty in the previous felony cases because he was guilty, but he was not guilty of
the instant offense. He denied that he had entered the Grose home or stolen anything from Grose.

 Appellant conceded that he had pawned the bicycle and the saw at different pawnshops. 
It was his trial testimony that he had encountered a homeless man, known only as Martin, under a bridge
on the day in question. He claimed that Martin offered him $20 to pawn the bicycle and $15 to pawn the
saw. When asked why he told Officer Garrett on September 8, 1995, that he found the bicycle, appellant
denied having ever talked to Garrett. In rebuttal, Garrett related that appellant had told him that he found
the bicycle but refused to answer where he had found it.


LEGAL SUFFICIENCY

 In analyzing the legal sufficiency of the evidence, we review the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found beyond a
reasonable doubt all the essential elements of the offense charged. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). This standard of review applies
to both direct and circumstantial evidence cases. Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App.
1992), cert. denied, 507 U.S. 1020 (1993). In our review, we must consider all the evidence whether
rightly or wrongly admitted. Nickerson v. State, 810 S.W.2d 398, 400 (Tex. Crim. App. 1991). The
jury's verdict must stand unless the verdict is irrational or unsupported by more than a "mere modicum"
of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988); Haddad v. State, 860
S.W.2d 947, 950 (Tex. App.--Dallas 1993, pet. ref'd).

 The jury is the exclusive judge of the facts proved and the weight to be given the testimony. 
It is the judge of the credibility of the witnesses. See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979);
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The jury is free to accept or reject
any or all of the evidence presented by either party. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim.
App. 1991). The reconciliation of evidentiary conflicts is solely within the province of the jury. Heiselbeltz
v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).

 The essential elements of the offense of burglary of a habitation are that (1) a person (2)
without the effective consent of the owner (3) enters a habitation and (4) commits or attempts to commit
a felony or theft. Tex. Penal Code Ann. § 30.02(a)(3) (West 1994); Escamilla v. State, 612 S.W.2d 608
(Tex. Crim. App. 1981); Gregg v. State, 881 S.W.2d 946, 951 (Tex. App.--Corpus Christi 1994, pet.
ref'd).

 Where there is independent evidence of a burglary by someone, the unexplained possession
of recently stolen property will support an inference of guilt of the offense in which the property is stolen. 
Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983); Taylor v. State, 921 S.W.2d 740, 744
(Tex. App.--El Paso 1996, no pet.). In order to warrant an inference of guilt from the evidence of
possession alone, such possession must be personal, recent, and unexplained, and must involve a distinct
and conscious assertion of the right to the property by the defendant. Jackson v. State, 645 S.W.2d 303,
306 (Tex. Crim. App. 1983); Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim. App. 1978); Vela v.
State, 771 S.W.2d 659, 661 (Tex. App.--Corpus Christi 1989, pet. ref'd). If the defendant explains his
possession of the property, the record must demonstrate that the explanation is false or unreasonable. 
Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977); Taylor, 921 S.W.2d at 744.

 Such an explanation by the defendant must be made when first called upon directly or
circumstantially to do so, which could include the time of his arrest. See Chavez v. State, 843 S.W.2d
586, 587 (Tex. Crim. App. 1992). The State is not required to refute an explanation made for the first time
at trial. Espinosa v. State, 463 S.W.2d 8, 10 (Tex. Crim. App. 1971); Smith v. State, 754 S.W.2d 414,
416 (Tex. App.--Corpus Christi 1988, no pet.); see also Simmons v. State, 493 S.W.2d 937, 939 (Tex.
Crim. App. 1973) (State is not required to disprove the falsity of every explanation made by the defendant
but only that given when first questioned); Jayroe v. State, 707 S.W.2d 652, 654 (Tex.
App.--Texarkana 1986, pet. ref'd).

 In the instant case there was direct and independent evidence of a burglary of a habitation
by someone. Other evidence placed appellant in personal possession of the recently stolen bicycle and saw
on the very day the items were taken and just before the owner discovered the burglary. Appellant pawned
the items using his own identification card. This involved a distinct and conscious assertion of the right to
the property by appellant. The State's evidence showed that appellant explained to Officer Garret that he
found the bicycle but he would not tell Garrett where he found it. Appellant disputed that he made such
explanation. This was the only explanation the State was required to show was false or unreasonable. At
the trial appellant testified that he acquired both the bicycle and the saw from a homeless man known only
as "Martin" for the purpose of pawning the items. The State was not required to refute this explanation
made for the first time at trial. A question of whether appellant's explanation is reasonable is one of fact. 
Price v. State, 902 S.W.2d 677, 680 (Tex. App.--Amarillo 1995, no pet.); Vela, 771 S.W.2d at 661. 
The jury is not required to accept the explanation offered. The "unexplained possession of recently stolen
property" rule applies when the possession is of only part or some of the stolen property. See Hardage
v. State, 552 S.W.2d 837, 839 (Tex. Crim. App. 1977).

 We conclude, viewing the evidence in the light most favorable to the jury's verdict, that any
rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense
charge. See Durant v. State, 688 S.W.2d 265, 267 (Tex. App.--Fort Worth 1985, pet. ref'd) (evidence
that defendant pawned stolen ring on afternoon of burglary was sufficient to sustain conviction for burglary
of a habitation).

 Nevertheless, appellant urges that since there was no direct evidence that he entered the
Grose residence and only possessed property taken from the detached garage he could not be convicted
of burglary of a habitation. Jones v. State, 690 S.W.2d 318, 319-20 (Tex. App.--Dallas 1985, pet.
ref'd) has been decided contrary to appellant's contention and we deem its reasoning applicable here. See
also Johnson v. State, 844 S.W.2d 872, 874 (Tex. App.--Amarillo 1992, no pet.). Both points of error
are overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Carroll, Justices Jones and Onion*

Affirmed

Filed: August 14, 1997

Do Not Publish













 * Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



 v. State, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977); Taylor, 921 S.W.2d at 744.

 Such an explanation by the defendant must be made when first called upon directly or
circumstantially to do so, which could include the time of his arrest. See Chavez v. State, 843 S.W.2d
586, 587 (Tex. Crim. App. 1992). The State is not required to refute an explanation made for the first time
at trial. Espinosa v. State, 463 S.W.2d 8, 10 (Tex. Crim. App. 1971); Smith v. State, 754 S.W.2d 414,
416 (Tex.