Herbert Rowzee v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-389-CR

     HERBERT ROWZEE,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law
Denton County, Texas
Trial Court # CR-97-04129-D
                                                                                                                

O P I N I O N
                                                                                                                

      A jury convicted Herbert Lee Rowzee of Burglary Of a Motor Vehicle. See Tex. Penal
code ann. Sect. 30.04 (Vernon 1998). The trial court assessed punishment at 365 days in the
Denton County Jail. 
      Rowzee raises two points of error: that the evidence is legally insufficient to support the
judgment of conviction for burglary of a vehicle and that the evidence is factually insufficient to
support the judgment of conviction for burglary of a vehicle because it is too weak to allow a fact
finder to conclude beyond a reasonable doubt that Mr. Rowzee, without the effective consent of
the owner, entered the vehicles parked at 1537 Eagle Point with the intent to commit theft, as
alleged in the indictment. The Court will affirm the judgment.
FACTUAL BACKGROUND
      Officers Doug Mitchell and Travis Johnston responded to a 911 call just after midnight on
April 10, 1997. The caller reported that he had interrupted someone in his garage trying to steal
golf clubs and gave the description of a black male wearing a dark cap and dark clothing running
westbound from the scene. Mitchell and Johnston arrived at 1501 Eagle Point within three to five
minutes of being dispatched. They confirmed the description of the suspect and began to search
the area. Canine Officer Michael Ellswork and his police dog Rico arrived at the scene shortly
after Mitchell and Johnston began the search.
      Ellswork began tracking Rico in circular motions to allow him to pick up the most recent
scent in the area. Rico picked up a scent and headed west. He followed the scent down the alley
and alerted on a day-planner and a pair of shoes. Rico continued tracking the scent through a
drainage ditch to the rear passenger door of an Isuzu Rodeo. Mitchell and Johnston found a dark
cap on the ground by the door. The officers found Appellant hiding in the Rodeo. They removed
him from the vehicle and arrest him on an outstanding warrant after identifying him. Appellant
matched the description of the suspect, and the officers found no one else in the area.
      The officers testified that they recovered a pair of earrings from the pocket of Appellant’s
pants. They found two cellular phones on the floor of the Rodeo underneath where they found him
lying. The owner of the two burglarized vehicles identified the day-planner, the shoes, and the 
cellular phones as his own and testified that these items had been in the two vehicles that evening. 
He identified the earrings as belonging to his girlfriend and testified that they too had been in one
of the vehicles that evening.  
      Appellant told the officers he had been retrieving golf balls from a nearby course that
evening and was taking a break when they found him in the Rodeo. He testified that the officers
did not recover the earrings from his pants but from a jacket, both of which he claimed to be his
mother’s. He denied that he was wearing the jacket when arrested by officers.
      Appellant claimed that the officers would not allow him to show them where he had left the
golf balls he had recovered and the wet suit he was wearing while recovering the balls. Mitchell
testified that Appellant never offered to show them where these items were. Ellswork took Rico
onto the golf course in an effort to locate the golf balls and wet suit. They searched for 30 minutes
and found nothing. 
LEGAL SUFFICIENCY
      Rowzee asserts the evidence is legally and factually insufficient to support the judgment of
conviction for burglary of a vehicle. The court will review the legal sufficiency of the evidence
first, then examine whether the evidence is factually sufficient. The standard of review in a legal
sufficiency challenge is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational fact finder could find the essential elements of the crime beyond a
reasonable doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). The court
resolves any inconsistencies in the evidence in favor of the verdict. Matson v. State, 819 S.W.2d
839, 843 (Tex. Crim. App. 1991). The jury’s verdict should be upheld “unless it is found to be
irrational or unsupported by more than a ‘mere modicum’ of the evidence.” Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988).   The standard of review is the same for both direct
and circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 159-61 (Tex. Crim. App.
1991). 
FACTUAL SUFFICIENCY
      In reviewing a claim of factual insufficiency of the evidence, the Court does not view the
evidence through the prism of “in the light most favorable to the prosecution.” Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). The court will review all the evidence adduced
and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Id. The court must give deference to the fact finder and may not
reverse a jury’s decision simply because it disagrees with the result. Clewis, at 135. When there
is conflicting evidence, the fact finder’s verdict on such matters is generally regarded as
conclusive. Taylor v. State, 921 S.W.2d 740, 746 (Tex. App.—El Paso 1996, no pet.). 
      Section 30.04 of the Texas Penal Code states the elements for the offense of burglary of a
vehicle. If a person breaks into or enters any part of a vehicle without the effective consent of the
owner with an intent to commit a felony or theft, the person commits burglary of a vehicle. TEX.
PENAL CODE ANN. Sect. 30.04 (Vernon 1998). If there is independent evidence of a burglary
and the defendant is in possession of property stolen from the place burglarized, an inference that
the defendant is guilty of the burglary may be made. (Jackson v. State, 645 S.W.2d 303, 306
(Tex. Crim. App. 1983). To warrant an inference of guilt from possession alone, the state must
produce independent evidence of a burglary and further show the possession was personal, recent,
and unexplained, and the defendant made a distinct and conscious assertion of right to the
property. Rodriguez v. State, 549 S.W.2d 747, 749 (Tex. Crim. App. 1977). If the defendant
offers a reasonable explanation for possessing the property, the record must show that the
explanation is either false or unreasonable in order to support a conviction based on the inference
of guilt. Vela v. State, 771 S.W.2d 659, 661-662 (Tex. App.—Corpus Christi 1989, pet. ref.). 
The falsity of an explanation may be shown by circumstantial evidence and determined by the fact
finder in light of all of the facts. Callahan v. State, 502 S.W.2d 3, 7 (Tex. Crim. App. 1973).
ANALYSIS
      The State produced independent evidence of a burglary. The police dog, Rico, tracked a scent
from the place where a suspect described as a black male wearing a dark cap and dark jacket was
trying to steal golf clubs to where Appellant was found. Rico found the day-planner and shoes
with the same scent on them; the day-planner and shoes were from the burglarized vehicles. 
Though Appellant argued Rico could have been tracking someone else, the jury was free to
believe the testimony of Officer Ellswork. The State also produced evidence of appellant’s
possession of the stolen property. Though Appellant testified he was not on the floorboard, the
earrings were not in his pocket, and he was not wearing the clothing the officers said he was, the
jury was free to disbelieve Appellant. Because the cellular phones and the earrings came from the
same two burglarized vehicles, it was reasonable for the jury to make the inference that Appellant
had possession of the earrings and the cellular phones. Appellant offered the explanation he had
been collecting golf balls at the nearby golf course. Though Appellant testified the officers would
not let him show them where the wet suit and balls were, the jury was free to disbelieve Appellant. 
Canine Rico, after a 30 minute search, failed to find the wet suit and balls.
      When viewed in the light most favorable to the state and giving proper deference to the fact
finder, there is more than a “mere modicum” of evidence such that any rational fact finder could
find the essential elements of the crime beyond a reasonable doubt. When viewed without the
prism of “in the light most favorable to the prosecution” and giving proper deference to the fact
finder, the judgment is not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. The evidence is legally and factually sufficient.
      The judgment of the trial court is affirmed.
 
                                                                         ROBERT M. CAMPBELL
                                                                         Justice (Sitting by Assignment)

Before Chief Justice Davis,
      Justice Vance and
      Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed December 30, 1998
Do not publish