Affirmed and Opinion filed October 10, 2002















Affirmed and
Opinion filed October 10, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS.
14-01-00800-CR and

   14-01-00801-CR

_______________

 

ELTON TYRONE
YORK, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

_________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause Nos. 851,679 and 851,680

_________________________________________________

 

O P I N I O N

 

            Elton Tyrone York appeals two
convictions for theft[1] of
cash and a motor vehicle on the grounds that: (1) the trial court’s failure to
include certain definitions in the jury charge rendered the evidence
insufficient to support his conviction and violated his constitutional right to
due process; and (2) there was insufficient evidence to prove jurisdiction.  We affirm.




Omission of Charge Definitions

            Appellant’s
first issue in the theft of cash conviction argues that the evidence is
insufficient to support that conviction because the trial court failed to
define the terms “unlawfully appropriate,” “lack of effective consent,” and
“deception” in its charge to the jury. 
In particular, appellant asserts that under Benson[2] “and
its progeny, the failure of the trial court’s charge to the jury to contain
definitions of these terms renders the evidence insufficient to support [a]ppellant’s conviction as a matter of law, since these
definitions were essential to the State securing a conviction under the facts
presented at trial.”[3]  We disagree for three reasons.

            First, neither the indictment nor
the jury charge used the terms “effective consent” or “deception.”  Therefore, there would have been no reason
for the charge to define those terms. 
Similarly, although the term “unlawfully appropriate” was not defined in
a separate paragraph, the term “appropriate” was so defined, and the term,
“unlawfully appropriate” was used in the charge (as well as the indictment) in
such a way that a definition was apparent from the context, i.e., “unlawfully appropriate, by
acquiring or otherwise exercising control over property, . . . with intent to
deprive [the owner] of the property.”

            Second, appellant’s brief fails to
explain how Benson would apply to
render the evidence insufficient due to an omission of charge definitions.
Third, Benson has been expressly
overruled by Malik,[4] holding
that the sufficiency of evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge for the case rather than the
charge actually given.  See Fuller v. State, 73 S.W.3d 250, 252
(Tex. Crim. App. 2002). 
Therefore, appellant’s first issue affords no basis for relief and is
overruled.

            Appellant’s second issue in the
theft of cash conviction contends that the trial court’s failure to include the
foregoing definitions in the jury charge violated his federal constitutional
right to due process.  In support of this
argument, appellant correctly asserts that due process does not allow a
conviction to be affirmed on legal and factual grounds that were not submitted
to the jury.[5]  However, appellant ultimately concludes that
“under Malik,
due process is violated since the court’s charge to the jury applying the law
to the facts of the case simply does not authorize a conviction under the facts
presented at trial.”  Again, however,
appellant’s brief fails to explain how an omission of these charge definitions:
(1) could have allowed a conviction on grounds that were not submitted to the
jury; (2) otherwise supports a due process claim; or (3) failed to authorize a
conviction under the facts presented at trial. 
Accordingly, his second issue affords no basis for relief and is
overruled.

                                                                   Jurisdiction

            Appellant’s first issue in the motor
vehicle theft conviction asserts that there is insufficient evidence to support
that conviction because the State failed to prove that any of the elements of
the offense occurred within the territorial jurisdiction of Texas.[6]

            When reviewing legal sufficiency,[7] we
view the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307,
318-19 (1979); Reyes v. State, 2002
WL 31019340, at *3 (Tex. Crim. App. Sept. 11,
 2002).  A person commits
theft if he unlawfully appropriates property with intent to deprive the owner
of the property.  Tex. Pen. Code Ann. § 31.03(a) (Vernon 1994 & Supp.
2002).  To “appropriate” means to acquire
or otherwise exercise control over property. 
Id.  § 31.01(4)(B).

            In this case, the evidence at trial
reflects, among other things, that at the apartment of a Joshua Harrison, in
Houston, Harris County, Texas, appellant: (1) offered to sell the complainant’s
car to Ryan Folger; (2) a few days later brought the
complainant’s car to Folger so he could inspect and
test drive it; (3) accepted a $1,500 down payment on the complainant’s car from
Folger and let Folger take
the car home; and (4) accepted the remaining balance from Folger
and gave Folger the keys to the complainant’s car and
a fictitious registration sticker.

            Each of appellant’s actions at the
apartment in Harris County in
transacting the sale to Folger and accepting the
proceeds was an exercise of control over the complainant’s car with an intent
to deprive him of it.[8]  Because the evidence thereby clearly reflects
that one or more elements of the offense occurred at a location in Texas, it was
sufficient to establish the jurisdiction of the State over this offense.  Accordingly, we overrule appellant’s first
issue in the motor vehicle theft conviction and affirm both the judgments of
the trial court.

            

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed October
 10, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).











[1]           Appellant was convicted by a jury
and sentenced by the trial court in both cases. 
His sentence was 18 months confinement in cause number 851,680 and six
months confinement in cause number 851,679.





[2]           See Benson
v. State, 661 S.W.2d 708 (Tex. Crim. App.
1982).





[3]           When reviewing legal sufficiency,
we view the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307,
318-19 (1979); Reyes v. State, 2002
WL 31019340, at *2 (Tex. Crim. App. Sept. 11,
 2002).  





[4]           See Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997).





[5]           See, e.g., Malik, 953 S.W.2d at 238 n.3.





[6]           The State of Texas has
jurisdiction over an offense if either the conduct or a result that is an
element of the offense occurs in Texas.  Tex.
Pen. Code Ann. § 1.04(a)(1) (Vernon
1994).  As contrasted from venue, which
is not challenged in this case, the criminal jurisdiction of district courts in
Texas is not
limited as to the county in which the offense is committed.  See
Boyle v. State, 820 S.W.2d 122, 139 (Tex. Crim.
App. 1989).





[7]           Although appellant’s brief does not
specify whether his challenge is to the legal or factual sufficiency of the
evidence, or both, we interpret it as solely a legal sufficiency challenge
because he cites no evidence showing that the offense did not occur in Texas.





[8]           See Taylor v. State, 921 S.W.2d 740, 745 (Tex. App.—El
Paso 1996, no pet.) (holding that evidence of appellant selling complainant’s
bicycle to pawn shop was sufficient to establish both personal possession and
the assertion of a conscious and distinct right to the property).