The STATE of Texas, Appellant,

v.

Thomas Edwin TOONE, Appellee.

No. 435–92.

Court of Criminal Appeals of Texas.

Jan. 26, 1994.

John H. Hagler, Robert M. Rose, Dallas, for appellee.

Tom O'Connell, Dist. Atty., and Mary A. Scanlon, Asst. Dist. Atty., McKinney, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

Appellee was indicted for possession of less than twenty-eight grams of cocaine. The trial court granted appellee's pre-trial motion to suppress on the grounds that the cocaine was seized in violation of Chapter 18 of the Texas Code of Criminal Procedure. The State appealed that ruling. The Fifth Court of Appeals reversed. *State v. Toone,* 823 S.W.2d 744 (Tex.App.—Dallas 1992). We granted appellee's petition for discretionary review to determine whether the Court of Appeals erred in holding that an anticipatory search warrant is valid under Texas law and in holding that the "reverse silver platter doctrine" is applicable under Texas law.

Participating in an undercover operation investigating federal offenses involving the mailing of obscene material, United States Postal Inspector Wayne Meyers received appellee's mail order requests for certain obscene material. Planning to deliver the materials himself, Meyers obtained a search warrant from a federal magistrate. The

warrant affidavit provided, in part, that Meyers "believes there is probable cause to believe that evidence, fruits, and instrumentalities of violations of [federal law] will be concealed on the premises ... at the time of the search." The obscene materials were delivered and the search warrant subsequently executed, leading to the discovery and seizure of cocaine, in addition to obscene material. State officers did not participate in the issuance or execution of the warrant. Appellee was indicted in federal court for receiving obscene materials by mail and in state court for possession of cocaine. In his state court trial, appellee sought suppression of the evidence, claiming the warrant was issued prior to the time that any evidence of a crime was located at the described premises and prior to the commission of any offense. The trial court found that "the search warrant authorize[d] a search of the described premises for property not present at those premises at the time the search warrant was issued" in violation of Chapter 18 of the Code of Criminal Procedure.

Following federal and other state courts, the Court of Appeals held the anticipatory search warrant[1] was valid.[2] *Toone*, 823 S.W.2d at 747. The Court of Appeals alternatively held that even if the seizure did violate Texas law, "evidence lawfully obtained by federal officers acting under a federal search warrant is admissible in state criminal proceedings." *Id.* at 748. We agree with the Court of Appeals that the evidence was admissible, but we arrive at our conclusion based upon different reasoning.

■■■ Any discussion pertaining to the exclusion of evidence logically begins with article 38.23, our exclusionary rule. Article 38.23 provides in part that:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal action.

TEX.CODE CRIM.PROC.ANN. art. 38.23(a). The evidence at issue here is only excludable, then, if it was obtained "in violation of" the Texas or United States Constitution or other Texas or federal law. Appellee does not contend the evidence was obtained in violation of the Fourth Amendment or other federal law.[3] Nor does appellee contend the evidence was obtained in violation of the Texas Constitution;[4] rather he claims the

---

1. An "anticipatory search warrant" is a term that has frequently been used in referring to "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place." WAYNE R. LAFAVE, SEARCH AND SEIZURE § 3.7(c), at 94 (1987).

2. The Court of Appeals framed appellee's argument as follows:
   Toone's argument that anticipatory search warrants are invalid is based on the language in article 18.01(b) and (c) because, as he admits, there is no case law in Texas holding this type of warrant invalid.
   *Toone*, 823 S.W.2d at 746. Thereupon, the Court of Appeals discussed state and federal courts that have upheld anticipatory search warrants, noting that the states discussed had statutory provisions similar to article 18.01. Following its discussion of state and federal decisions permitting the use of anticipatory search warrants, the Court of Appeals concluded that "the federal search warrant based on the postal inspector's affidavit was valid[,]" without any separate analysis of article 18.01 or any other Texas law in this regard. *Id.* at 747.

3. We note that at least six federal circuits have upheld anticipatory search warrants under the

Fourth Amendment. *See, e.g., United States v. Wylie*, 919 F.2d 969 (5th Cir.1990); *United States v. Garcia*, 882 F.2d 699 (2nd Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *United States v. Dornhofer*, 859 F.2d 1195 (4th Cir.1988), *cert. denied*, 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989); *United States v. Hale*, 784 F.2d 1465 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986), *United States v. Outland*, 476 F.2d 581 (6th Cir.1973); *United States ex rel. Beal v. Skaff*, 418 F.2d 430 (7th Cir.1969).

4. In his brief before this Court appellee set forth Article I, § 9 of the Texas Constitution, and immediately thereafter set forth article 18.01(b) of the Code of Criminal Procedure. In the discussion following those provisions appellee argued that a search warrant must show that an offense has been committed and urged a strict construction of the express language of article 18.01. Appellee's brief otherwise contains no statement, suggestion or authority in support of an argument based upon the Texas Constitution or any indication that the Texas Constitution should provide different protection than the federal constitution with respect to anticipatory searches. Accordingly, appellee has preserved nothing with

evidence, obtained pursuant to an anticipatory search warrant, was obtained in violation of the plain language of article 18.01.

Article 18.01 of the Code of Criminal Procedure, *Search Warrant*, sets forth conditions under which a search warrant may be issued and executed.[5] "Search warrant" is defined for purposes of article 18.01 as "a written order, issued by a magistrate and directed to a peace officer." Tex.Code Crim. Proc.Ann. art. 18.01(a). Article 2.09 of the Code of Criminal Procedure, *Magistrates*, lists persons who are "magistrates" within the Code.[6] Only various state and municipal court judges and magistrates are listed. *Id.* at 2.09. Article 2.12, *Who are Peace Officers*, enumerates persons who are "peace officers" within the meaning of the Code. *Id.* at 2.12. Only state and local officers are included in this list. Article 18.01 does not purport to govern federal search warrants. Accordingly, we hold that a search warrant issued by a federal magistrate and directed to a federal postal inspector is not a "search warrant"

governed by article 18.01. We emphasize that our holding in this case does not reflect upon the validity of an anticipatory search warrant under the Texas Constitution, nor does it reflect upon the validity of an anticipatory search warrant which is otherwise governed by article 18.01.

Having held that article 38.23 does not exclude the evidence in this case on the grounds that it was obtained "in violation of" article 18.01, we affirm the judgment of the Court of Appeals.[7]

MILLER, J., concurs in the result.

---

respect to a claim under the Texas Constitution. *See, e.g., Muniz v. State*, 851 S.W.2d 238, 251 (Tex.Crim.App.) (where defendant did not provide "argument or authority concerning the protection provided by Texas Constitution or how that protection differs from the protection provided by the United States Constitution" we will not address Texas Constitutional claim), *cert. denied*, —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Robinson v. State*, 851 S.W.2d 216, 222 n. 4 (Tex.Crim.App.1991) (where defendant claimed violation of Texas Constitution but provided no argument or authority regarding its protection, we will not address it), *pet. for cert. filed* (May 11, 1993); *Johnson v. State*, 853 S.W.2d 527, 533 (Tex.Crim.App.1992) (declining to address defendant's claim that the Texas Constitution was violated where defendant offered no argument or authority as to the protection offered by the Texas Constitution or how that protection differed from the protection of the federal constitution), *cert. denied*, —— U.S. ——, 114 S.Ct. 154, 126 L.Ed.2d 115 (1993).

In support of ground for review two pertaining to the application of the reverse silver platter doctrine, argued in a separate section of his brief, appellee suggested in a single statement that Texas should not follow federal law on this issue, citing *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991). We do not perceive this to relate to ground for review one, pertaining to anticipatory warrants.

5. Article 18.01 prohibits the issuance of a search warrant in the absence of certain identified conditions. Tex.Code Crim.Proc.Ann. art. 18.01(b) ("[n]o search warrant shall issue for any pur-

pose" unless certain conditions are met); *id.* at 18.01(c) ("[a] search warrant may not be issued" unless certain conditions are met"). We note that article 18.01 is a statute of prohibition rather than authorization. In other words, the statute does not grant Texas magistrates the authority to issue search warrants; rather it prohibits Texas magistrates from issuing search warrants unless certain conditions exist.

6. Article 2.09 provided at the time the warrant was issued:

Each of the following officers is a magistrate within the meaning of this Code: The justices of the Supreme Court, the judges of the Court of Criminal Appeals, the justices of the District Court, the magistrates appointed by the judges of the district courts of Dallas County or Bexar County that give preference to criminal cases, the magistrates appointed by the judges of the district courts of Lubbock County, and the magistrates appointed by the judges of the criminal district courts of Dallas County, the county judges, the judges of the county courts at law, judges of the county criminal courts, the judges of the statutory probate courts, the justices of the peace, the mayors and recorders and the judges of the municipal courts of incorporated cities or towns.

Tex.Code Crim.Proc.Ann. art. 2.09 (West 1990).

7. Because of our disposition, we need not reach the Court of Appeals' alternative holding pertaining to the application of the "reverse silver platter doctrine."