**Iraj MAHMOUDI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00190–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1999.

Discretionary Review Refused
Nov. 17, 1999.

Jay T. Karahan, Henry L. Burkholder, III, Houston, for appellant.

Dan McCory, Houston, for appellee.

Panel consists of Justices YATES, FOWLER and SEARS.[1]

## O P I N I O N

ROSS A. SEARS, Justice (Assigned).

Iraj Mahmoudi, appellant, was charged by indictment with possession of at least 400 grams of cocaine. Appellant pleaded not guilty and was tried before a Harris County jury. Prior to trial, appellant filed a motion to suppress evidence seized from his apartment pursuant to a warrant. The trial court denied his motion to suppress, and the jury found appellant guilty and assessed punishment at eighteen years confinement and a fine of $60,000. Appellant now challenges the denial of his motion to suppress and the legal and factual sufficiency of the evidence. We affirm.

1. Senior Justice Ross A. Sears sitting by assignment.

## Background

On April 18, 1996, a Special agent of the United States Customs Service assigned to Houston's Intercontinental Airport ("agent M"), was contacted by a senior customs official in Miami, Florida. Agent M was advised that the customs official had intercepted a Federal Express package sent from Lima, Peru and addressed to Santos Morales, International Capital Connections, 12777 Ashford Point Dr., Apartment 311, Houston, Texas. The package, which contained a breadmaker, had been x-rayed, and several foreign objects were detected that did not appear to be part of the breadmaker. After a subsequent inspection, the foreign objects were identified as bags of cocaine which had been concealed in the bottom of the breadmaker. Agent M instructed the customs official to repackage the breadmaker and have it delivered to his office in Houston.

After receiving the breadmaker from Miami, Agent M arranged for a controlled delivery of the package to the Houston residence. Agent M swore out an affidavit detailing the circumstances, and obtained a federal anticipatory search warrant from the Honorable Mary Milloy, Federal Magistrate. The delivery of the package was coordinated with the Houston police department. On April 19, 1996, a Houston police officer disguised as a Federal Express employee delivered the package while the federal agents waited in a surveillance van. When appellant answered the door, the officer informed him that he had a package for Santos Morales. Appellant identified himself as Santos Morales and signed for and accepted the package. The federal agents then waited for a signal from a surveillance device placed in the package to alert them that the package had been opened.

After waiting two hours, there was no signal that the package had been opened. Agent M decided to enter the residence and execute the warrant. When the agents entered the apartment, appellant was not present and the package was sitting by the door unopened. After searching the remainder of the house, the agents collected numerous pieces of evidence, including another breadmaker with the bottom removed. The agents also found hermetic sealers and rolls of plastic which matched the bags found in the breadmaker, receipts for a breadmaker shipped to Lima, Peru, a copy of a $2900 wire transfer to the person named as the shipper of the breadmaker, and proof that the appellant was doing business as International Capital Connection. Appellant was the resident of the address shown on the breadmaker and the phone was listed in his name. When appellant returned to the apartment the following day, he was arrested by Houston police officers. However, because the offense involved a smaller amount of cocaine than is usually prosecuted by the federal agency, the prosecution was handed over to the State of Texas.

In five points of error, appellant asserts that the trial court erred in denying his motion to suppress, and claims that the evidence presented by the state is legally and factually insufficient to show that he knew that the package he received contained cocaine.

## Points of Error One and Two

█ In his first two points of error, appellant complains that the trial court erred in denying his motion to suppress the evidence seized during the execution of the federal anticipatory search warrant. According to the appellant, state law prohibits the issuance of anticipatory search warrants. Furthermore, appellant claims that state law also prohibits the seizure of certain items gathered in his apartment during the execution of the federal warrant. Therefore, appellant claims that the trial court committed reversible error by denying his motion to suppress.

Article 18.01 of the Code of Criminal Procedure sets forth the conditions under which a search warrant may be issued. That article states that a search warrant

may be issued only if there is a sworn affidavit setting forth facts sufficient to establish probable cause "that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place or thing to be searched." TEX.CODE CRIM. PROC. ANN. art. 18.01(c)(3) (Vernon Supp.1998). In his first point of error, appellant relies on this language to challenge the search warrant issued by Judge Milloy. Appellant asserts that Agent M's affidavit expressly stated that at the time the warrant was being sought, the breadmaker was not located at the place to be searched, but rather was in the possession of the federal agents. Appellant contends that the warrant violates the express requirement of article 18.01.

The appellant is correct in his assertion that the federal search warrant did not meet the requirements of article 18.01. However, the Court of Criminal Appeals has held that a search warrant issued by a federal magistrate and directed to a federal officer is not governed by the requirements of article 18.01. *See State v. Toone,* 872 S.W.2d 750, 752 (Tex.Crim.App.1994). Accordingly, point of error one is overruled.

■ Similar to his first point of error, appellant's second point of error asserts that state law prohibits the seizure of certain items taken from his apartment. Article 18.02 of the Texas Code of Criminal Procedure discusses the particular items or types of property that may be searched for and seized pursuant to a search warrant issued under article 18.01. Specifically, that article states that a proper search warrant authorizes the seizure of "property or items, *except the personal writings of the accused,* constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX.CODE CRIM. PROC. ANN. Art. 18.02(10) (Vernon Supp.1998) (emphasis added). Appellant asserts that certain items taken from his apartment were "personal writings," and therefore illegal for the agents to seize. The "personal writ-

ings" included records of phone calls, money transfers, visa applications to Peru, and a list of the street value of narcotics in Houston, Texas. However, just as in his first point of error, the holding in *Toone* prohibits the application of article 18.02 to a federal search warrant issued by a federal judge and directed to a federal officer. 872 S.W.2d at 752. Point of error two is overruled.

### Point of Error Three

■ In point of error three, appellant complains that the trial court erred in denying his motion to suppress because the affidavit supporting the federal anticipatory search warrant failed to state probable cause for the search and seizure of any items other than the Federal Express package containing the breadmaker. In his affidavit, Agent M requested that the warrant be issued authorizing the seizure of not only the breadmaker that he anticipated would be accepted by the appellant, but also any "records of illegal narcotics transactions, ledgers, guns, scales, computer records, correspondence or notes, payment records, phone numbers, amounts owed, customer lists, narcotics, and documents identifying prior international shipments relating to the illegal importation of narcotics into the United States." Although Agent M had no specific knowledge that these items would be in the appellant's apartment, he stated in his affidavit that based on his experience as a federal law enforcement officer investigating offenses involving narcotics, it was the usual practice of narcotics smugglers to keep detailed records of their transactions along with other items necessary to successfully conduct their business. According to appellant, however, Agent M's affidavit lacked the required probable cause to search for or seize any evidence other than the breadmaker itself. We disagree.

■ Whether the facts alleged in a probable cause affidavit sufficiently support a search warrant is determined by examining the totality of circumstances.

*See Illinois v. Gates,* 462 U.S. 213, 228–229, 103 S.Ct. 2317, 2326–27, 76 L.Ed.2d 527, (1983); *Ramos v. State,* 934 S.W.2d 358, 362–63 (Tex.Crim.App.1996). The allegations are sufficient if they would " 'justify a conclusion that the object of the search is probably on the premises.' " *Ramos,* 934 S.W.2d at 363 (citation omitted). Our review should accord great deference to the magistrate's determination. *See id.*

■ Assessing the reliability of the affiant and his sources of information are part of the totality of the circumstances that the magistrate should evaluate in making her probable cause determination. *See Johnson,* 803 S.W.2d at 289. A magistrate may draw reasonable inferences from the circumstances described in the affidavit. *See Cassias v. State,* 719 S.W.2d 585, 587–88 (Tex.Crim.App.1986). It is reasonable for the magistrate to consider the specific relevant experience of a law enforcement officer in making her determination of whether there is a fair probability that contraband will be found in a particular place. *See Hackleman v. State,* 919 S.W.2d 440, 447 (Tex.App.—Austin 1996, pet ref'd). In this case, Judge Milloy had before her evidence suggesting a high probability that a drug smuggler resided at the appellant's apartment. Also, the sworn statements of Agent M detailing his experience concerning the variety of items usually possessed by drug smugglers gives rise to a reasonable probability that the items described in the affidavit were present in the appellant's apartment. Accordingly, we overrule appellant's third point of error.

### Points of Error Four and Five

■ In his final two points of error, appellant challenges the legal and factual sufficiency of the State's evidence that he knew that the Federal Express package contained cocaine. When reviewing a legal sufficiency challenge, we review all of the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App. 1993). We will not re-evaluate the weight and credibility of the evidence; instead, we act only to ensure the jury reached a rational decision. *See Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.1993). Under this standard of review, it is within the province of the jury to resolve conflicts in the testimony, to assess the credibility of the witnesses, to weigh the evidence and to draw reasonable inferences therefrom. *See Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. This standard applies equally to direct and circumstantial evidence cases. *See Myles v. State,* 946 S.W.2d 630, 636 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

When reviewing the factual sufficiency of the evidence, we consider all of the evidence without the prism of "in the light most favorable to the prosecution," and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim. App.1996). We review the jury's weighing of the evidence and are authorized to disagree with the jury's determination. *See id.* at 133. This review, however, must be appropriately deferential so as to avoid substituting our judgment for that of the jury. *See id.* We must consider all of the evidence, both that which tends to prove or disprove a vital fact in evidence. *See Taylor v. State,* 921 S.W.2d 740, 746 (Tex. App.—El Paso 1996, no pet.). A factual insufficiency point should be sustained only if the verdict is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *See id.* In other words, if there is sufficient competent evidence of probative force to support the finding, a factual sufficiency challenge cannot succeed. *See id.* This is true even if the finding is supported by no more than a scintilla of evidence and even

though reasonable minds might differ as to the conclusions to be drawn from the evidence. *See id.*

In this case, the State had the burden of proof to establish beyond a reasonable doubt that the appellant committed the offense charged. Part of that burden included not only showing that appellant exercised care, control, and management over the substance, but also that he knew that what he possessed was contraband. *See Payne v. State,* 480 S.W.2d 732, 734 (Tex.Crim.App.1972). In other words, the State was required to convince the jury beyond a reasonable doubt that when appellant accepted the Federal Express package he knew that it contained a concealed substance and that the substance was cocaine.

At trial, the State presented the following circumstantial evidence suggesting that the appellant knew that the package contained cocaine: the appellant received the package and identified himself as the addressee, Santos Morales; the appellant testified that he did business under the name International Capital Connection to which the package was also addressed; a receipt showing that appellant had recently purchased two breadmakers; a second breadmaker found in a closet and from which the bottom had been removed; a screwdriver which fit the breadmakers found on appellant's desk; an airway bill showing that appellant had recently mailed two breadmakers to Peru; a money transfer to Peru prior to the shipment of the breadmakers; documentation that appellant had previously received a breadmaker from Peru; plastic bags and hermetic sealers identical to the ones used to package the seized cocaine found in appellant's closet; a confidential document distributed internally by the Houston Police Department listing the street-level prices for various illegal drugs; phone records indicating appellant's contact with someone in Peru; and finally an application for a visa to Lima, Peru that had been filled out by the appellant.

Given this overwhelming circumstantial evidence, we conclude that a rational jury could have found, beyond a reasonable doubt, that the appellant knew of the nature of the contents of the Federal Express package. Additionally, we do not believe that the verdict was so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Consequently, points of error four and five are overruled.

The judgment is affirmed.