COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 LUIS ERNESTO
 VALERIANO,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00363-CR
  
 Appeal from the
  
 143rd District Court
  
 of Reeves County, Texas
  
 (TC# 93-08-5667-CRR)
 
 




 

MEMORANDUM
OPINION

Appellant Luis Ernesto Valeriano appeals his conviction for possession of heroin
with intent to deliver, less than twenty-eight grams.  For those reasons detailed below, we
affirm.  

Facts

Valeriano was indicted on August 26, 1993 for
possessing with intent to deliver less than twenty-eight grams of heroin.  Valeriano fled the
jurisdiction of the court and was apprehended eight years later.  The State revived its prosecution against Valeriano and the case was set for trial.








Prior to trial, Valeriano
filed two motions to suppress.  The
first, filed on August 13, 2001 (Athe August motion@), sought suppression of all evidence
obtained subsequent to the search of his residence, including Valeriano=s confession, because the warrant authorizing the search
allegedly lacked probable cause and no good faith reliance on the warrant was
possible.[1]  The motion was denied by the trial court.

On September 6, 2001, Valeriano filed his second motion (Athe September motion@) to suppress stating the same
grounds as those alleged in his August motion. 
The trial court entertained the motion immediately prior to trial.

On September 10, 2001, the jury found
Valeriano guilty as charged.  Valeriano elected
to have his sentence imposed by the jury. 
The jury sentenced Valeriano to twenty-five
years in prison and imposed a fine of $10,000. 
Valeriano timely filed his notice of appeal
and this appeal ensued.

Standard
of Review

Almost total deference must be given
to the trial court=s determination of historical facts in a suppression
hearing.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); O=Hara v. State, 27 S.W.3d 548, 550
(Tex. Crim. App. 2000).  The appellate court must also review the
evidence in the light most favorable to the trial court=s ruling and cannot reverse the trial
judge=s decision on the admissibility of
evidence absent a clear abuse of discretion. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990); see Carmouche v. State, 10 S.W.3d
323, 327-28 (Tex. Crim. App. 2000).








We review the trial court=s application of the law under a de
novo standard. O=Hara, 27 S.W.3d at 550.  The trial court=s ruling will be affirmed if it is
correct under any theory of law.  Laca
v. State, 893 S.W.2d 171, 177 (Tex. App.--El Paso 1995, pet. ref=d); Romero, 800 S.W.2d at 543.

Defective
Search and Arrest Warrant

In his first point of error, Valeriano asserts the affidavit supporting the search and
arrest warrant was deficient because it contained unreliable and unconfirmed
information from confidential informants upon which the police relied to obtain
the warrant.

 In addressing this issue, we must consider the
totality of the circumstances to determine whether the trial court=s findings are supported by the
record, and the findings will not be disturbed absent a clear abuse of
discretion.  State
v. Morgan, 841 S.W.2d 494, 496 (Tex. App.--El Paso 1992, no pet.) (citing Dancy v. State,
728 S.W.2d 772, 777 (Tex. Crim. App.), cert.
denied, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d
484 (1987)).








A search warrant must be based on
probable cause.  U.S. Const. amend. IV; Tex. Const. art. I, ' 9; Hughes v. State, 843
S.W.2d 591, 593 (Tex. Crim. App. 1992);  Carroll
v. State, 911 S.W.2d 210, 216 (Tex. App.--Austin 1995, no pet.); Tex. Code Crim. Proc. Ann. art.
1.06 (Vernon 1977). 
The warrant may be issued only if it is supported by a sworn affidavit
setting forth facts sufficient to establish that the property or item to be
searched for or seized is located at or on the particular person, place, or
thing to be searched.  Tex. Code Crim. Proc. Ann. art.
18.01(c)(3) (Vernon Supp.  2003); Mahmoudi
v. State, 999 S.W.2d 69, 71-72 (Tex. App.--Houston [14th Dist.] 1999, pet.
ref=d).

The task of the issuing magistrate is
to make a practical, commonsense determination whether, given all of the
circumstances set forth in the affidavit, there is a
fair probability that contraband or evidence of a crime will be found at the
place described.  Illinois
v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76
L.Ed.2d 527 (1983). The Fourth Amendment=s requirement of probable cause for
the issuance of a search warrant is to be applied not according to a fixed or
rigid formula, but in light of the totality of the circumstances.  Massachusetts v. Upton,
466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); Ramos
v. State, 934 S.W.2d 358, 362-63 (Tex. Crim. App.
1996).








Probable cause to support the issuance
of a search warrant exists where the facts submitted to the magistrate are
sufficient to justify a conclusion that the object of the search is probably on
the premises to be searched at the time the warrant is issued. Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). 
The magistrate=s determination must be based on an examination of
information contained solely within the four corners of the affidavit
itself.  Cassias,
719 S.W.2d at 587-88; Hackleman v. State,
919 S.W.2d 440, 447 (Tex. App.--Austin 1996, pet. ref=d,
untimely filed).  The task of the
reviewing court is not to conduct a de novo determination of probable
cause, but only to determine whether there is substantial evidence in the
record supporting the magistrate=s decision to issue the warrant.  Upton, 466 U.S. at 728.  The reviewing court should accord great
deference to the magistrate=s determination.  Ramos,
934 S.W.2d at 363.

In his brief, Valeriano
contends that the magistrate=s issuance of the search and arrest warrant was erroneous
because the affidavit setting out the facts in support of the warrant did not
reveal when the police or the two CIs obtained the
information concerning the alleged existence of contraband at Valeriano=s residence, or how the CIs
obtained that information.  Valeriano also asserts the CIs= information was stale such that the
magistrate could not have reasonably determined the contraband was presently
located at Valeriano=s residence.[2]

On September 4, 1992, the magistrate
issued the warrant in question.  The
affidavit supporting the application for the warrant was sworn out by Pecos
Police Officer Marc Contreras on September 4, 1992.  The affidavit in salient portion states:








Affiant
is a Patrolman with the Pecos Police Department . . . .  On Thursday, August 27, 1992, Investigator
Orlando Orona received information from a
confidential informant whose [sic] has proven truthful and reliable regarding
narcotic information in the recent past. 
Said identity of informant must remain confidential due to safety and
security reasons . . . C.I. advised Investigator Orona
that he/she personally observed Ernesto Valeriano in
possession of a[n] undetermined quantity of marijuana at Mr. Valeriano=s residence, which is located at 1910 Nebraska Street,
Pecos, Reeves County, Texas.  C.I. further advised that the above named
marijuana was kept concealed in the backyard of said residence buried
underground.

 

On
Thursday, September 03, 1992, Affiant received information from a confidential
informant . . . whose identity must remain confidential for the purpose of
safety and security reasons.  Informant
has provided narcotic information that has been proven truthful and reliable on
at least two occasions in the past.  C.I.
contacted Affiant . . . and stated that Ernesto Valeriano
was in possession of an undetermined quantity of cocaine . . . that said
cocaine is currently buried in the backyard of >El
Negro=s= house. Affiant has personal knowledge that Ernesto Valeriano is also known as >El
Negro.=  Affiant has
personal knowledge that Mr. Ernesto Valeriano
currently resides and occupies 1910 Nebraska Pecos, Reeves County, Texas.

 

Bearing in mind that we must analyze
the affidavit in a commonsense, not hypertechnical
manner, we find that the magistrate could have reasonably concluded that the
information in the affidavit demonstrated that contraband was currently hidden
at Valeriano=s residence.  See, e.g., Bernard v.
State, 807 S.W.2d 359, 365 (Tex. App.--Houston [14th Dist.] 1991, no pet.)
(twelve days between receipt of information and
issuance of warrant does not render information stale).  Indeed, the second CI=s information was relayed to the
police on September 3, one day before the warrant issued.  In such circumstances, commonsense dictates
that when the informant stated the Acocaine is currently buried in the
backyard of >El Negro=s= house,@ he meant the contraband was
presently there.








Furthermore, the affidavit states
that the first CI Apersonally@ observed marijuana buried in Valeriano=s backyard.  Valeriano=s complaint that the affidavit was
defective because it did not state how the CIs
obtained their information thus lacks merit. 
Stated another way, the magistrate could have reasonably assumed that
the CI=s statement that he saw marijuana
buried in Valeriano=s backyard demonstrated there was a
fair probability  that contraband would
be found at that location.  Gates,
462 U.S. at 238; Cassias, 719 S.W.2d at 587.

Lastly, Valeriano=s contention that the affidavit did
not reveal when the police obtained the information is simply without
merit.  The affidavit on its face reveals
that police received the first CI=s information on August 27,1992 and the second CI=s information on September 3,
1992.  We find there was probable cause
for its issuance.

For these reasons and taking into
account the totality of the circumstances present at the time that the
magistrate issued the warrant, we hold that the search and arrest warrant in
question was supported by a sufficient affidavit such that its issuance was
based on probable cause.  Carroll,
911 S.W.2d at 216. 
The trial court=s decision to deny suppression of the evidence obtained as a
result of the search of Valeriano=s residence was therefore
correct.  Because we find that the search
warrant was valid, Point of Error One is therefore overruled.

Admission
of Defendant=s Confession

In his second point of error, Valeriano urges that the trial court erred in admitting his
written confession, as the product of an illegal search.  For the following reasons, we find the point
was waived.








At trial Valeriano
argued that the affidavit supporting the search and arrest warrant and the
warrant itself should be suppressed because the
warrant was invalid.  The suppression
hearing was conducted when the State sought to introduce the affidavit and the
warrant in evidence.

After the trial court granted
admission of the supporting affidavit, Valeriano also
argued that in addition to the warrant and its supporting affidavit, all items
listed on the search inventory, including the black tar heroin, the ceramic
duck in which it was found, an address book, two phone bills, cash, and the
measuring scales, should be suppressed. 
The trial court then allowed the introduction of the warrant itself,
which also contained the search inventory. 
Valeriano then requested that he be granted a
running objection to Athe search warrant and the admission of this evidence.@ 
The trial court then asked for clarification of which items the running
objection would refer to.  Valeriano stated Athe heroin that was seized pursuant
to the search warrant.@  The trial court
granted that request and stated:

I=ll grant you a running objection to those two matters
[the search warrant with supporting affidavit and the heroin].

 

.   .   .

 

It will
not be necessary for you to further object to their admission on the
grounds stated. 

 

 At no time during the
suppression hearing did Valeriano argue that his
confession should be suppressed as fruit of the poisonous tree because it was
obtained pursuant to the allegedly defective search warrant.








Later at the trial, the State sought
to introduce Valeriano=s Aconfession@ via Peace Officer Orlando Orona.  At the close
of the State=s direct examination of Orona, the trial court granted admission of the statement
over the following objection by Valeriano, AI have the same objection, Your
Honor.@ 
The statement was then published and read to the jury.

Valeriano then cross-examined Orona concerning the circumstances under which his
statement was taken.  A bench conference
was then called by the trial court to confirm how State=s Exhibit 4 (the evidence envelope
which contained the heroin) was going to be labeled.  At that time, Valeriano
made the following objection to the admission of the confession:

I want
to at this point re-urge my objection to State=s
Exhibit No. 6 [the confession].  I
developed in my testimony that I feel that it was involuntarily given based on
the promises and the inducements given to him, and for that reason I would
re-urge my objection at this time.

 

 The objection was
overruled by the trial court.   

This record thus establishes that Valeriano=s only objection to the introduction of the confession
concerned whether the statement had been voluntarily given.  Stated another way, for the first time on
appeal, Valeriano now contends the confession should
have been suppressed as the fruit of the poisonous tree because of the
allegedly defective warrant.








While an accused need not object to
evidence subject to a pretrial motion to suppress that was denied, the specific
nature of the objections and arguments made to the trial court must be properly
preserved by counsel in the record.  Flores
v. State, 840 S.W.2d 753, 755, 756 n.4 (Tex. App.--El
Paso 1992, no pet.).  On this
record the only objection properly preserved to the admission of Valeriano=s confession was whether it was voluntarily obtained.  The complaint on appeal must comport with the
trial objection to be preserved for review. 
Foster v. State, 874 S.W.2d 286, 289 (Tex. App.--Fort Worth 1994,
pet. ref=d); see Johnson v. State,
803 S.W.2d 272, 292-93 (Tex. Crim. App. 1990), cert.
denied, 501 U.S. 1259, 111 S.Ct. 2914, 115
L.Ed.2d 1078 (1991), overruled in part on other grounds, 815 S.W.2d 681
(Tex. Crim. App. 1991).

In the alternative, as demonstrated
above, the affidavit supporting the instant search and arrest warrant was not
defective or deficient.  Valeriano=s confession was not tainted and was therefore properly
admitted by the trial court.  Point of
Error Two is overruled.

Conclusion

Valeriano=s conviction is affirmed.

 

SUSAN
LARSEN, Justice

January 30, 2003

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)











[1]Valeriano did not bring his good faith exception argument
forward into this appeal.





[2]In
the summary of the argument portion of his brief, Valeriano
asserts several other alleged factual defects render the affidavit
deficient.  However, only those points
addressed above were actually briefed. 
Failure to cite authority in support of a point of error on appeal waives
the complaint.  City
of El Paso v. Zarate, 917 S.W.2d 326, 332 (Tex.
App.--El Paso 1996, no writ); Romero v. Parkhill,
Smith & Cooper, Inc., 881 S.W.2d 522, 529 (Tex. App.‑‑El
Paso 1994, writ denied); Tex. R. App. P. 38.1(h).