

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0388-21

### SILAS GRAHAM PARKER, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

**MCCLURE, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, NEWELL, KEEL, WALKER, and SLAUGHTER JJ., joined. YEARY, J., filed a concurring opinion.**

## O P I N I O N

Appellant, Silas Graham Parker, was charged with possession with intent to deliver four hundred grams or more of a controlled substance, namely, psilocybin.[1] *See* Tex.

---

[1] The indictment refers to psilocin. As noted by the Third Court of Appeals, the parties interchange the terms psilocin and psilocybin in their briefs. They continue to do so in their respective petitions filed in this Court. While both are hallucinogenic substances present in psychedelic mushrooms, they are, in fact, separate compounds. *See* Tex. Health & Safety Code Ann. § 481.103(a)(5)(B)(ii). Neither of the parties raises this as an issue. For the sake of clarity, we will refer to the substance as psilocybin throughout the opinion.

Health & Safety Code Ann. § 481.113(a), (e). Appellant contested the legality of the search warrant on the ground that probable cause did not exist when it was issued since the psilocybin had not yet been delivered. We now address a matter of first impression:[2] Are all anticipatory search warrants prohibited under Texas law? We hold that the language of article 18.01(b) of the Texas Code of Criminal Procedure permits anticipatory search warrants and affirm the judgment of the court of appeals.

*Background*

On June 1, 2017, United Parcel Service (UPS) in Eugene, Oregon received two packages for delivery addressed to Silas Parker c/o Scott Cove, 2070 Lime Kiln Road, San Marcos, Texas. The shipping labels and paperwork listed Silas Parker as both the shipper and the recipient. The sender told the UPS employee the packages contained chanterelle mushrooms. Once the sender left the store, the UPS employee, believing the packages to smell like marijuana, contacted a security supervisor who opened one of the packages. Both packages contained suspected psilocybin, so the supervisor called the police. Oregon State Police Detective Jered McLain, a member of the Lane County Interagency Narcotics Enforcement Team, observed that each package contained twenty, one-pound bags of mushrooms, which tested positive for psilocybin. McClain contacted the San Marcos Texas Police Department, the local law enforcement with jurisdiction over the shipping address

---

[2] While this issue was raised in *State v. Toone*, 872 S.W.2d 750 (Tex. Crim. App. 1994), this Court declined to reach that issue and decided the case on other grounds. *See id.* at 752 ("We emphasize that our holding in this case does not reflect upon the validity of an anticipatory search warrant under the Texas Constitution, nor does it reflect upon the validity of an anticipatory search warrant which is otherwise governed by article 18.01.").

and told Detective Lee Harris that he would return the boxes to UPS with some, but not all, of the psilocybin, replacing the removed bags with rocks. McClain gave Harris the UPS tracking numbers with a delivery date of June 9.

Harris determined that the delivery address for the packages of psilocybin, 2070 Lime Kiln Road, matched the address on Appellant's driver's license. Further, Appellant was listed as the manager of a business named Thigh High Gardens, located at the same address. Harris then sought a search warrant to seize the packages and search 2070 Lime Kiln Road when the packages were delivered. In the affidavit, he set forth the above facts and stated that there was, at that location, a quantity of psilocybin. The affidavit also stated that there was evidence of a crime at the location, including writings, photos, currency, weapons, and more. Harris sought permission to search the premises "on or around the expected delivery date of June 9, 2017, after Affiant has been able to confirm parcel delivery to said suspected place and premises."

On June 7, the magistrate issued the warrant. Two days later, on June 9, Harris and other officers watched the UPS delivery truck drive through the property's front gate. After Harris confirmed on the UPS website that the driver had marked the packages as "delivered," the officers searched the home and seized the packages containing the bags of psilocybin mushrooms, among other things. After the search, Harris applied for a search warrant of Appellant's phone data to prove that he was in Oregon on the date the packages were shipped. That affidavit set forth the facts above about the investigation and the execution of the first warrant.

*Procedural History*

Appellant filed a motion to suppress all evidence seized from the search of 2070 Lime Kiln Road, and a separate motion to suppress his electronic customer data discovered on his phone. Relevant to this proceeding, he alleged, among other things, that the search of the house was illegal because it was predicated upon a warrant obtained in anticipation of events that had not yet occurred, violating Texas Code of Criminal Procedure article 18.01. The trial court denied the motion. Appellant then pleaded guilty pursuant to a plea bargain with the State for the reduced charge of possession between one and four grams of psilocybin and was placed on deferred-adjudication community supervision for a term of ten years. *See* Tex. Health & Safety Code § 481.113(c).

On appeal, Appellant challenged the denial of his two pretrial motions to suppress. The Third Court of Appeals held the trial court properly denied Appellant's motion to suppress all evidence from the search of the residence under the Fourth Amendment and Tex. Code Crim. Proc. art. 18.01 because the magistrate had probable cause to issue the warrant. Appellant filed a petition for discretionary review with this Court, and we granted review[3] to address whether article 18.01(b) prohibits magistrates from issuing anticipatory search warrants. We hold it does not and affirm the court below.

---

[3] In his PDR, Appellant raises six grounds:

1. Are all anticipatory search warrants are [sic] prohibited under Texas law?
2. Even if anticipatory search warrants can be issued for contraband under Article 18.01(b), can they authorize the search for and seizure of mere evidence?
3. Can a warrant authorize the search for and seizure of mere evidence if it was not issued pursuant to the heightened standard of article 18.02(a)(10)?
4. If anticipatory search warrants are allowed under Texas law, was the triggering condition met in this case?

*Anticipatory Warrants*

An anticipatory warrant is "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place." *United States v. Grubbs*, 547 U.S. 90, 94 (2006) (quoting 2 Wayne R. LaFave, *Search and Seizure* § 3.7(c) (4th ed. 2004)). Most anticipatory warrants "subject their execution to some condition precedent other than the mere passage of time— a so-called 'triggering condition.'" *Id.*

In the instant case, the affidavit stated that the search would take place "on or around the expected delivery date of June 9, 2017, after Affiant [Harris] has been able to confirm parcel delivery to said suspected place and premises." Therefore, the "triggering condition" was the confirmation of the delivery of the packages.

However, Appellant argues that while this type of search warrant is valid under the Fourth Amendment, *see Grubbs*, 547 U.S. at 94–95, Texas law requires that evidence sought be present at the designated location "at the time the search warrant is issued." Specifically, Appellant relies on *Mahmoudi v. State,* 999 S.W.2d 69, 72 (Tex. App.— Houston [14th Dist.] 1999, pet. ref'd), for the proposition that Texas magistrates are precluded from issuing anticipatory search warrants under state law. For the reasons discussed below, we disagree.

---

5. Was the search warrant for Mr. Parker's phone predicated on an affidavit containing mere conclusory statements and that lacked sufficient factual information to establish probable cause?
6. Was the search warrant for Mr. Parker's phone predicated on an affidavit containing fruit of the poisonous tree?

We granted review only on Ground One, and refused review on the remaining grounds.

*Analysis*

To determine whether an anticipatory warrant is valid under Texas law, we look first to the governing statute. All statutory construction questions are questions of law, so we review them de novo. *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019). When interpreting a statute, we look to the literal text of the statute for its meaning. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We ordinarily give effect to that plain meaning unless application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, or the plain language is ambiguous. *Id.*

A search warrant may not issue unless it is based upon probable cause. *See* U.S. CONST. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b). The Texas Legislature has codified search warrant restrictions in Chapter 18 of the Texas Code of Criminal Procedure. *See generally* Tex. Code Crim. Proc. Ann. arts. 18.01–.24. Article 18.01(b) of that code reads:

> No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

Appellant argues that the language — probable cause does in fact exist — is a present possession requirement that must exist at the time the search warrant is issued. In this case, Appellant suggests that, at the time the warrant was issued, probable cause did not yet exist because the drugs were not present on the premises to be searched. Based on a plain reading

of the statute, we do not find such a present possession requirement, and we agree with the court of appeals that probable cause did exist when the magistrate issued the warrant.

1. *A plain reading of "probable cause does in fact exist"*

    a. *"Probable cause"*

The question is: when does probable cause exist? There is no statutory definition of probable cause, but courts have repeatedly said that probable cause exists when, under the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found" at the specified location. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) and *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). In evaluating whether probable cause existed for the issuance of a warrant, appellate courts must assess the totality of the circumstances presented. *See Gates*, 462 U.S. at 238–39.

Therefore, when magistrates are making probable cause determinations, they are dealing with probabilities and not hard certainties. This Court has previously explained that:

> [P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers. We weigh not individual layers but the "laminated" total. . . . "In dealing with probable cause, . . . as the very name implies, we deal with *probabilities*. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."

*Woodward v. State*, 668 S.W.2d 337, 345 (Tex. Crim. App. 1984) (op. on reh'g)(quoting *Smith v. United States*, 358 F.2d 833, 837 (D.C. Cir. 1966)); *see also Brinegar v. United States*, 338 U.S. 160, 175 (1949).

Based on the probability factor, the Supreme Court has noted that "all warrants are, in a sense, 'anticipatory'" because "where the police seek permission to search a house for an item they believe is already located there, the magistrate's determination that there is probable cause for the search amounts to a prediction that the item will still be there when the warrant is executed." *Grubbs*, 547 U.S. at 95.

b. *"does in fact exist"*

Turning to the case at hand, were there sufficient facts presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance? Based on the affidavit, the magistrate knew the following:

- Oregon Police had identified the contents of two packages, addressed to Appellant, as psilocybin.
- Oregon Police had coordinated with UPS and the San Marcos Police Department to proceed with shipping to Appellant.
- Detective Harris knew the psilocybin was presently in transit to Appellant's address and would arrive on a particular day (June 9, 2017).

So, the magistrate knew that the items to be seized constituted evidence of an offense, that a specific Texas law violation would soon be committed, and that the psilocybin would be located at Appellant's address on June 9. Based on these facts, it was reasonable for the magistrate to determine that probable cause did "in fact exist" at the time of the issuance of the warrant. Even though the drugs were not located on the premises at the time the search warrant was issued, the affidavit established that the contraband had already been

discovered, was in the process of being transported to the designated location and would arrive on the date of the search.

It is worth pointing out that with this particular anticipatory warrant, the magistrate might have found it *more* likely that probable cause would exist at the time of the search than with a standard search warrant because he had information that the psilocybin would be at Appellant's residence when the warrant was executed since the parcels containing the contraband were being tracked and monitored by law enforcement. In most requests for a search warrant—where law enforcement believes the drugs are already present at the location—the magistrate is presuming that the evidence will still be at the suspected place when the warrant is executed. In this case, the magistrate knew, with a pretty high level of certainty, that the psilocybin would be present when the triggering condition (confirmation of the delivery) occurred.

    2. *There is no present possession requirement in 18.01(b).*

Chapter 18 of the Texas Code of Criminal Procedure contains many requirements tailored to the particular kind of property to be searched or seized under a warrant. What is notably missing from article 18.01(b) is a "present possession requirement." In other words, there is no specific language requiring that the items sought be at the location when the affidavit is submitted, only that the affidavit establishes sufficient facts to support the requested search.

An example of a "present possession" requirement can be found in article 18.01(c)(3). This article states:

> A search warrant may not be issued under Article 18.02(a)(10) unless the sworn affidavit required by Subsection (b) sets forth sufficient facts to establish probable cause: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized *are located at or on the particular person, place, or thing to be searched*.

Tex. Code Crim. Proc. Ann. art. 18.01(c)(3)(emphasis added).

This article prohibits the issuance of warrants under article 18.02(a)(10)[4]—searches for property or other items constituting evidence of an offense (also known as "mere evidentiary" warrants)—unless "the property or items constituting evidence to be searched for or seized *are located* at or on the particular person, place, or thing to be searched." Tex. Code Crim. Proc. Ann. art. 18.01(c)(3) (emphasis added). Based on the specificity in article 18.01(c)(3), it appears that if the Legislature had intended that all warrants require present possession, then there would be no need to create a separate rule for warrants under article 18.02(a)(10).

Appellant argues that this heightened probable-cause requirement in article 18.01(c) should apply to the instant warrants because the affidavit in this case uses language from article 18.02(10); namely, "personal property constituting evidence of a criminal offense or constituting evidence tending to show that a particular person committed a criminal

---

[4] Under Tex. Code Crim. Proc. art. 18.02(a)(10), a search warrant may be issued to search for and seize property or items, except the personal writings by an accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense. Tex. Code Crim. Proc. Ann. art. 18.02(a)(10).

offense." Appellant argues the use of this language from article 18.02(10) triggers the heightened requirements of article 18.01(c), thereby requiring "present possession."

However, this case does not invoke a "mere evidentiary" warrant under article 18.02(10), but instead involves a narcotics warrant, issued specifically for the seizure of psilocybin, thereby invoking article 18.02(a)(7). Under Tex. Code Crim. Proc. art. 18.02(a)(7), a search warrant may be issued to search for and seize a drug, controlled substance, or other controlled substance property, including an apparatus or paraphernalia kept, prepared, or manufactured in violation of the laws of Texas. *See* Tex. Code Crim. Proc. Ann. art. 18.02(a)(7). Essentially, this article deals specifically with narcotics crimes. Therefore, the requirements of article 18.01(c) are not applicable here.

Also not applicable is *Mahmoudi*. In that case, Mahmoudi challenged a federal anticipatory search warrant in state court. 999 S.W. 2d 69, 71. Mahmoudi argued that article 18.01(c)(3) requires search warrants be supported by affidavits establishing probable cause to believe evidentiary items be "located at … the place … to be searched." *Id*. The Fourteenth Court of Appeals, in dicta, stated, "[T]he appellant is correct in his assertion that the federal search warrant did not meet the requirements of article 18.01." *Id*. However, the court overruled Mahmoudi's argument because his warrant was a federal warrant directed to a federal agent, and article 18.01 of the Texas Code of Criminal Procedure does not apply to federal search warrants. *Id*. at 72; *see also Toone*, 872 S.W.2d at 752.

Notwithstanding the dicta in *Mahmoudi*, the court below was not referencing all anticipatory warrants, but only a "mere evidentiary warrant" implicating articles 18.01(c)(3) and 18.02(a)(10). As stated above, the warrant here invoked article 18.02(a)(7), which deals specifically with narcotics crimes. Because Appellant's warrant falls under a different provision, his reliance on *Mahmoudi* is misplaced.

In anticipation of this Court holding that the warrant does not fall under article 18.02(a)(10), Appellant attempts to argue that, when the State agreed to strike the language from the affidavit — "that there is in Hays County, at a location, a certain drug" — and the word "psilocybin," the State "remov[ed] all language that would support a search warrant for contraband pursuant to Article 18.02(7)."

The court below disagreed, noting that the State agreed to strike the allegation that there was already a quantity of psilocybin on the property, but the allegations regarding the pending delivery of the packages remained. *Parker v. State*, No. 03-19-00293-CR, 2021 Tex. App. LEXIS 3041 (Tex. App.—Austin Apr. 22, 2021)(mem. op., not designated for publication). Therefore, according to the court below, "those allegations are sufficient to justify issuing the warrant under article 18.02(a)(7)." *Id*. at *10.

While the Legislature has disapproved of anticipatory search warrants in limited circumstances, namely, article 18.02(a)(10), the search warrant in Appellant's case does not fall within that category. The article invoked here — 18.02(a)(7) — does not require that the drugs sought be at the location when the affidavit is submitted. Instead, the only

requirement is that the affidavit establishes that sufficient facts justify the requested search. That occurred in this case.

*Conclusion*

Unless the article for the search warrant contains a present possession requirement, the Texas Code of Criminal Procedure does not prohibit anticipatory search warrants but instead allows for searches when a magistrate finds probable cause to believe evidence will be found upon the occurrence of some condition precedent event. Accordingly, we agree with the court below that the magistrate had a substantial basis for determining that there was a fair probability that the psilocybin would be found at Appellant's residence. We affirm the judgment of the court below.


DELIVERED:      July 27, 2022

PUBLISH