

# In the Court of Criminal Appeals of Texas

---

No. PD-0388-21

---

SILAS GRAHAM PARKER,

*Appellant,*

v.

THE STATE OF TEXAS

---

On Appellant's Petition for Discretionary Review
From the Third Court of Appeals
Hays County

---

YEARY, J., filed a concurring opinion.

The Court today construes Article 18.01(b) of the Code of Criminal Procedure to permit so-called "anticipatory" search warrants. TEX. CODE CRIM. PROC. arts. 18.01(b). But as part of its analysis, the Court also

seems to construe Article 18.01(c) to prohibit "anticipatory" evidentiary search warrants conducted pursuant to Article 18.02(10). TEX. CODE CRIM. PROC. arts. 18.01(c), 18.02(10). Because I find the latter construction questionable and, in any event, utterly unnecessary, I only concur in the result the Court reaches.

## ARTICLE 18.01(b)

Article 18.01(b) does not itself *explicitly* speak to the question of anticipatory warrants.[1] It does not say, for example, that "this provision should be understood to permit a magistrate to issue a warrant even upon a representation that there is probable cause to believe that the thing to be searched for *will be* located at the place sought to be searched on a particular date, contingent upon the fulfillment of a particular triggering event." Still, on balance, I agree that anticipatory warrants are permissible under the statute—if only because what the statute actually requires is that "probable cause does in fact exist" for the warrant's issuance, and not necessarily that the thing to be searched for be located at the place to be searched as of the time that the warrant issues.

As the United States Supreme Court observed in *United States v. Grubbs*, 547 U.S. 90, 95 (2006), "[b]ecause the probable cause requirement looks to whether evidence will be found *when the search is conducted*, all warrants are, in a sense, 'anticipatory.'" That such anticipatory probable cause is contingent upon a triggering fact is

---

[1] In relevant part, Article 18.01(b) provides that "[n]o search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance." TEX. CODE CRIM. PROC. art. 18.01(b).

relevant only to the extent that the probable cause must also embrace the triggering fact itself. *Id.* at 96. But the parties have not made the existence of a triggering fact an issue in this case. So, the only issue the Court properly addresses today is whether Article 18.01(b) permits the issuance of anticipatory search warrants.

## ARTICLE 18.01(c)

The Court bolsters its conclusion that Article 18.01(b) permits anticipatory search warrants, however, by contrasting the language of that article with the language found in Article 18.01(c).[2] The latter provision prohibits the issuance of an *evidentiary* search warrant "unless" there is probable cause to believe, among other things, "that the property or items constituting evidence to be searched for or seized *are located* at or on the particular person, place, or thing to be searched." TEX. CODE CRIM. PROC. art. 18.01(c) (emphasis added). Based upon this language, the Court fashions one of those arguments that suggests: "when the Legislature wishes to plainly require something, here is an

---

[2] Article 18.01(c) applies specifically to evidentiary search warrants and provides, in relevant part, that:

> [a] search warrant may not be issued under Article 18.02(10) unless the sworn affidavit required by subsection (b) sets forth sufficient facts to establish probable cause: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

TEX. CODE CRIM. PROC. art. 18.01(c).

example showing that it knows how to do so."[3] Majority Opinion at 9–10. I do not buy it.

It is not even remotely clear to me that Article 18.01(c)—itself—plainly and categorically bars anticipatory evidentiary search warrants. The notion seems to be that, because the language is couched in the present tense ("are located"), it must mean that the evidentiary items "are" *already* "located" at the place to be searched as of the time that the warrant issues—never mind the Supreme Court's observation that *all* search warrants are, in a sense, anticipatory. *Grubbs*, 547 U.S. at 95. There are at least a couple of reasons to question this notion.

First of all, *apart* from Article 18.01(b)'s use of the present tense, nothing else in that provision *expressly* requires that the items to be searched for must be located at the place to be searched *as of the time the warrant issues*. Use of the present tense in a Massachusetts search-warrant statute ("are concealed") did not prevent that state's highest court from long ago construing it to permit anticipatory search warrants. *Commonwealth v. Soares*, 384 Mass. 149, 154–55, 424 N.E.2d 221, 225 (1981). A court examining our statute in the light of that decision might conclude that Article 18.01(b) only requires probable cause that the items of evidence "are located" at the place to be searched as of the time it is "to be searched for or seized"—at the *time* it is "to be searched." TEX. CODE CRIM. PROC. art. 18.01(c)(3). After all, it bears repeating that "all

---

[3] *See, e.g.*, *State v. Ross*, 573 S.W.3d 817, 823 (Tex. Crim. App. 2019) ("We have often said that when the Legislature wishes to attach a particularized culpable mental state to an element of an offense, 'it knows how to do so.' . . . But it did not do so.") (citing *Rodriguez v. State*, 538 S.W.3d 623, 629 & n.36 (Tex. Crim. App. 2018)).

[search] warrants are, in a sense, 'anticipatory.'" *Grubbs*, 547 U.S. at 95.

But perhaps more importantly, there is a statute-based reason to conclude that Section 18.01(c)'s use of the present tense ("are located") is not determinative, by itself, of whether it permits anticipatory evidentiary search warrants. Subsection (c) was added to Article 18.01 in 1977 by our 65th Legislature. Acts 1977, 65th Leg., ch. 237, § 1, p. 640, eff. May 25, 1977. The Code Construction Act thus applies to guide our construction of that amendment. *See* TEX. GOV'T CODE § 311.002(2) (providing that the Code Construction Acts "applies to . . . each amendment . . . of a code or code provision by the 60th or a subsequent legislature").

The Code Construction Act provides that "[w]ords in the present tense include the future tense." TEX. GOV'T CODE § 311.012(a). Reading the present-tense ("are located") also to embrace the future-tense ("will be located") would undermine the seeming contrast that undergirds the Court's comparative analysis of the two provisions. Section 18.01(c) would then be just as readily susceptible to a construction that it *permits* anticipatory search warrants as is Section 18.01(b).

All of this is not to say that I believe the Court has unquestionably misconstrued Article 18.01(c) in order to draw a contrast to Article 18.01(b). But it very well may have. And there is no compelling reason to construe it here at all—and for the first time, at that[4]—much less to

---

[4] The Fourteenth Court of Appeals seems to have observed, albeit in dicta, that Article 18.01(c) prohibits anticipatory search warrants. *Mahmoudi v. State*, 999 S.W.2d 69, 71–72 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). But as far as I know, this Court has never resolved the question. *See State v. Toone*, 872 S.W.2d 750 (Tex. Crim. App. 1994) (declining to reach the issue of whether Article 18.01 permits "anticipatory" search warrants).

risk unnecessarily misconstruing it. We should save the question of the proper construction of Article 18.01(c) for a case in which its proper construction is actively in issue. We should not decide whether Section 18.01(c) prohibits anticipatory search warrants for evidence unless and until it is absolutely necessary to do so in order to resolve a case that squarely presents that question.

I respectfully concur in the result.


**FILED:**                              July 27, 2022
**PUBLISH**