Affirmed and Opinion filed April 14,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00369-CR



Phong Xuan Dao, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 13

Harris County, Texas

Trial Court
Cause No. 1633248



 

OPINION 

            Appellant
Phong Xuan Dao was found guilty by a jury of the misdemeanor offense of driving
while intoxicated. (“DWI”), and the trial judge sentenced him to three days’
confinement in the Harris County Jail, probated for fifteen months.  In a
single issue, Dao contends the trial court erred by not including a requested
jury instruction under Texas Code of Criminal Procedure article 38.23 that
would have informed the jury that it was to disregard evidence of Dao’s field-sobriety
tests if it found that such tests were conducted in an unconstitutional manner
due to a language barrier between the officer and Dao.  We affirm.

I

            Shortly
after 2:00 a.m. on October 7, 2009, Houston Police Officer Tony Tomeo was on
patrol when he noticed a Toyota Sienna minivan traveling west on Westheimer Road
with a flat tire and without the headlights illuminated.  He also saw that the
vehicle’s driver was having difficulty remaining within his lane of traffic,
and at one point, he almost struck another vehicle.  

            Tomeo
stopped the vehicle, which Dao was driving, and requested Dao’s driver’s
license.  Instead of a driver’s license, Dao handed Tomeo a credit card.  Dao
told Tomeo that he had been at a birthday party and had “three or four beers”
between 6:30 p.m. and 8:00 p.m.  Tomeo also noticed a “strong odor of alcoholic
beverage” when he approached Dao.  When Tomeo asked Dao to step out of the
vehicle, he noticed that Dao had trouble keeping his balance and had to hold
onto the vehicle’s door to keep from falling.

            Tomeo
asked Dao to perform several field-sobriety tests, including the horizontal-gaze-nystagmus
(“HGN”) test, the walk-and-turn test, and the one-leg-stand test.  Dao
performed poorly on these tests.  Based on the totality of his observations,
Tomeo determined that Dao was intoxicated.  Tomeo then drove Dao to a downtown police
station to obtain a valid breath sample.  

            At
the station, Dao was shown a videotape in Vietnamese of the statutory warnings
concerning the consequences of accepting or declining the request for a breath
sample.  Dao agreed to provide a breath sample, but the officer who operated
the intoxilyzer instrument was unable to obtain a sufficient breath sample
because Dao failed to perform the test as instructed.  Dao was then instructed
to perform several field-sobriety tests while his performance was recorded on
videotape.  Dao again performed poorly on the tests.  

            Tomeo
testified at Dao’s trial that, at the scene, he and Dao were able to understand
each other without any difficulty, and he saw no need to call for a
Vietnamese-speaking officer.  Tomeo stated that it was only after he began
videotaping Dao that Dao appeared to have difficulty understanding English.  Tomeo
also testified that the first time he heard Dao say that he did not understand
English was when he received the breath-sample instructions at the station.  On
cross-examination, however, Tomeo recalled that Dao had earlier stated that he
“could not understand” the instructions during the walk-and-turn test at the scene,
and told Tomeo during the one-leg-stand test that he did not speak English “very
good.”  Tomeo agreed that a person’s ability to perform field-sobriety tests
could be compromised if the person has difficulty understanding the English
language.  

            The
officer who administered the intoxilyzer test to Dao, Officer Joshua Hattan,
also testified at trial.  Hattan explained that after Dao viewed the statutory
warnings and agreed to provide a breath sample, Hattan conducted the required fifteen-minute
observation of Dao before administering the test.  During this time, Hattan
conversed with Dao and another officer.  Hattan testified that, although he
could not remember the details of what they discussed, Dao was “actively
engaged” in the conversation and “forming full complete thoughts in English.” 
Hattan then told Dao how to perform the test, but Dao did not blow into the
intoxilyzer instrument’s mouthpiece sufficiently and with enough force to
obtain an accurate reading.  Hattan testified that Dao understood his
instructions, but failed to comply with them.  He also testified that he did
not believe that a language barrier was a problem, although he did demonstrate or
reiterate the instructions for Dao after he initially failed to comply to
ensure that Dao understood the instructions.  

            Hattan
also testified that he conducted the HGN test on Dao at the station, and he
“observed all six clues” for HGN, indicating that Dao was too intoxicated to
safely operate a vehicle.  Hattan also noted that that there was a distinct
odor of an alcoholic beverage coming from Dao’s breath, he was very talkative,
had slurred speech, red, glassy eyes, and he appeared to not have normal
balance.  Hattan opined that, based on all of his observations, Dao was
intoxicated.

            The
defense presented one witness, Truong Tran, Dao’s friend of ten years.  Tran
testified that he and Dao mostly communicated in Vietnamese, but Dao could
understand English “[i]n general.”  Tran saw Dao at the birthday party Dao
attended shortly before he was arrested.  Although Tran did not remember
exactly how many beers he saw Dao drink at the birthday party, he thought it
was “about two.”  On cross-examination, Tran acknowledged that Dao had taken
one or two years of classes at Houston Community College.  When asked what
classes Dao took, Tran testified, “[c]lasses - - some English class, I don’t
know.”  He also confirmed that Houston Community College does not offer classes
in Vietnamese.  

            At
the charge conference, Dao’s counsel requested that the jury be instructed on two
issues:  (1) the reasonable suspicion to stop Dao’s vehicle, and (2) the
“asking and taking of Standardized Field Sobriety Tests based on the language
barrier of Mr. Dao” in violation of his constitutional rights.  The trial court
agreed to the first request and denied the second.

II

A

            Texas
Code of Criminal Procedure article 38.23 provides that “[n]o evidence obtained
by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or law of
the United States of America, shall be admitted in evidence against the accused
on the trial of any criminal case.”  Tex. Code Crim. Proc. 38.23(a).  Thus, the
exclusionary language of article 38.23(a) applies only if an officer or other
person obtains evidence in violation of either the constitutions or the laws of
the United States or the State of Texas.  State v. Toone, 872 S.W.2d
750, 751 (Tex. Crim. App. 1994).

            The
primary purpose of article 38.23(a) is to deter unlawful actions which violate
the rights of criminal suspects.  Carroll v. State, 911 S.W.2d 210, 221
(Tex. App.—Austin 1995, no pet.).  The Court of Criminal Appeals has explained
that a defendant’s right to the submission of an article-38.23 jury instruction
is limited to instances in which there are affirmatively disputed issues of
fact that are material to the claim of a constitutional or statutory violation
that would make the disputed evidence inadmissible.  Madden v. State,
242 S.W.3d 504, 510 (Tex. Crim. App. 2007).  In reviewing alleged charge error,
we must first determine whether error actually exists in the charge, and
second, if error is found, whether sufficient harm resulted from the error to
require reversal.  Ngo v. State, 175 S.W.3d 738, 743–44 (Tex. Crim. App.
2005).

B

            Dao
acknowledges that the Court of Criminal Appeals has held that field-sobriety
tests do not violate the privilege against self-incrimination, as they yield
physical evidence of a suspect’s mental and physical faculties rather than an express
or implied assertion of fact.  Gassaway v. State, 957 S.W.2d 48, 51
(Tex. Crim. App. 1997).  Dao also concedes that Officer Tomeo had a right to
conduct the field-sobriety tests.  See Thomas v. State, 723
S.W.2d 696, 705 (Tex. Crim. App. 1986) (noting that the State has a right to
compel physical evidence of intoxication).  He argues, however, that the “threshold
issue” in this case is “whether it is an unconstitutional or illegal violation
of a person’s rights to present incriminating evidence that has been obtained
from him due to his failure to understand English.”  Specifically, Dao
complains that the field-sobriety tests should have been administered in a
manner that comported with “fundamental due process,” i.e., in a language Dao
understood, and if a fact issue was raised as to whether Dao’s inability to
perform the tests was due to his inability to understand English rather than
intoxication, then he was entitled to an article-38.23 instruction informing
the jury that they should exclude the evidence of the field sobriety tests if
they concluded that a constitutional violation occurred in obtaining the
evidence.

            Dao
does not cite any relevant authority to support his contention that a suspect’s
due-process rights under either the Texas or United States constitutions could
be violated if field-sobriety tests are not performed in the suspect’s first,
or preferred, language, or that a violation of this right would require the
exclusion of any evidence obtained from the field-sobriety tests.  Additionally,
this court is not aware of, and has not located, any such authority to support
Dao’s contention.

            In
his brief, Dao relies on a single case, Atkinson v. State, 923 S.W.2d 21
(Tex. Crim. App. 1996), overruled on other grounds by Motilla v. State,
78 S.W.3d 352 (Tex. Crim. App. 2002).  In Atkinson, the defendant was
convicted of DWI, based in part on a chemical analysis of his breath.  Id.
at 22.  The defendant contended there was a fact issue concerning whether the
officers complied with the rules established by the Texas Department of Public
Safety when they administered the breath test.  Id.  The court held that
the defendant was entitled to an article-38.23 instruction, explaining that
although “mere noncompliance with administrative agency rules does not provide
a basis for the exclusion of evidence under article 38.23,” in the defendant’s
case, a state statute expressly provided that evidence not obtained according
to agency rules was illegally obtained.  Id. at 23 & n.1.  But Atkinson
is not analogous to Dao’s case and does not advance his contention because Dao
does not identify any Texas or federal statute similarly providing that the
results of field-sobriety tests are illegally obtained unless they are performed
in a person’s first, or preferred, language.  

            We
therefore overrule Dao’s sole issue and affirm the trial court’s judgment.

*
* *

            The
trial court’s judgment is affirmed.

 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

Publish
— Tex. R. App. P. 47.2(b).