# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00656-CR

**David Gonzales, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. D-1-DC-87-088352, HONORABLE DAVID CRAIN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In 1987, David Gonzales was charged with capital murder, *see* Tex. Penal Code § 19.03, and the indictment further alleged that he stabbed the victim. In addition, the indictment charged him with burglary of the victim's home. *See id.* § 30.02. After being charged, Gonzales agreed to plead nolo contendere to the burglary charge and was sentenced to 15 years' imprisonment under the terms of a plea agreement. *See Gonzales v. State*, No. 03-88-00110-CR (Tex. App.—Austin 1989, pet. ref'd) (not designated for publication) (affirming conviction). After his release, Gonzales was charged with and convicted of aggravated sexual assault of a child and was sentenced to 70 years' imprisonment. *See* Tex. Penal Code §§ 22.021 (setting out elements of aggravated sexual assault), 12.42 (providing penalties for repeat felony offenders); *Gonzales v. State*, No. 03-99-00209-CR, 2000 Tex. App. LEXIS 3032, at *1, *13 (Tex. App.—Austin 2000, pet. ref'd) (not designated for publication) (affirming Gonzales's conviction). During his subsequent

incarceration, Gonzales filed a motion seeking DNA testing of an item that the police recovered from him during his arrest for the 1987 offense. *See* Tex. Code Crim. Proc. art. 64.01; *see also id.* art. 64.03(b) (explaining that person who pleaded guilty or nolo contendere is permitted to file motion for DNA testing). In his motion, Gonzales referred to the item as a folding pocket knife or a pipe cleaner and argued that DNA testing would show that the blood on the item did not come from the victim.

In response, the State filed a motion opposing Gonzales's request for DNA testing. *See id.* art. 64.02. In its motion, the State urged the district court to deny the request for various reasons, including that the item "cannot be located" for testing. As support for this proposition, the State filed affidavits from James Gibbens, who is an evidence manager for the Austin Police Department, and Melissa Haas, who works for the Texas Department of Public Safety Crime Laboratory and analyzes evidence for various law-enforcement agencies. In his affidavit, Gibbens stated that "the Austin Police Department does not possess, have custody/control of or know the whereabouts of any physical evidence" pertaining to the 1987 crime. Further, Gibbens revealed that "[n]o computer or hardcopy logs have been found relating to the retention or disposition of any physical evidence obtained during the investigation and prosecution of the charges arising out of the incident." Similarly, Haas stated that although her agency initially had evidence related to the crime, that evidence was transferred to the Austin Police Department in the 1980s.

After reviewing Gonzales's motion and the State's response, the district court denied Gonzales's request and entered the following pertinent findings and conclusions:

2

**Findings of Fact:**

4. If DNA testing was performed and the blood did not match the murder victim, the knife in question would not be precluded as the murder weapon.

5. The findings of the autopsy suggest that the seized knife was not the murder weapon because it is not long enough to inflict some of the wounds on the victim.

6. Affidavits from the DPS crime lab and the Austin Police evidence room establish that the seized knife is not at either facility.

**Conclusions of Law:**

1. The applicant failed to prove by a preponderance of the evidence that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Pro[c]. [a]rt. 64.03(a)(2)(A).

2. This court is without authority to order DNA testing since the evidence, the knife, cannot be located and there is no indication that it still exists. Tex. Code Crim. Pro[c]. [a]rt. 64.03(a)(1)(A)(i).

3. Had the icepick-like pipe cleaner been available for testing the likelihood of it[]s being tampered with or altered in a material respect during the month leading up to applicant's arrest would have rendered it[]s evidentiary value unreliable.

Gonzales appeals the district court's order denying his request for DNA testing. *See id.* art. 64.05.

## DISCUSSION

In his sole issue on appeal, Gonzales challenges the district court's first conclusion that he "failed to prove by a preponderance of the evidence that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing" and asks this Court to modify that conclusion to reflect that he did prove that he would not have been prosecuted or convicted. In his issue, Gonzales does not ask this Court to reverse the district court's decision

3

denying his request for DNA testing, nor does he challenge the district court's conclusion that no testing could be performed because the evidence to be tested could not be located. In fact, in his reply brief, Gonzales states that he "is not appealing the trial court's denial of DNA testing." Instead, Gonzales asserts that the change should be made to "help facilitate" his future habeas claim.[1] As discussed below, we are affirming the district court's determination that DNA testing could not be performed because the item to be tested could not be located, and therefore, we need not reach the alternative conclusion challenged by Gonzales. *See* Tex. R. App. P. 47.1 (requiring appellate courts to only address issues "necessary to final disposition of the appeal"); *cf. State v. Toone*,

---

[1] As support for the relief requested, Gonzales urges that the State lost the evidence shortly after he was charged, that the item was crucial to the State's case against him, that the other evidence was insufficient to convict him, and that he would not have agreed to enter into the plea bargain had he known that the State had lost the item. Given that Gonzales concedes that there is no evidence to test, the relief that he requests and the arguments made in support of his claim would seem to go beyond the permissible scope of Chapter 64. Chapter 64 "is simply a procedural vehicle for *obtaining evidence*," *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.) (emphasis added), "authorizes *DNA testing* in cases in which the applicant meets the requirements enumerated," *id.* at 821-22 (emphasis added) (citing Tex. Code Crim. Proc. art. 64.03), and allows appellate courts to review a trial court's order denying DNA testing, Tex. Code Crim. Proc. art. 64.05. "However, chapter 64 is not an invitation to review every potential error in the underlying trial proceedings" and does not "confer jurisdiction on appellate courts to consider 'collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles.'" *In re Garcia*, 363 S.W.3d at 822 (quoting *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd)); *see also Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (explaining that court of criminal appeals has complete jurisdiction over post-conviction relief from final felony convictions under article 11.07 of Code of Criminal Procedure); *In re Briscoe*, 230 S.W.3d 196, 196-97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (stating that intermediate appellate courts have no jurisdiction over "post-conviction writs of habeas corpus in felony cases" under article 11.07). In any event, given our ultimate resolution of this case, we need not decide whether the district court erred by concluding that Gonzales failed to meet his burden of showing that he would not have been prosecuted if exculpatory results had been obtained.

872 S.W.2d 750, 752 n.7 (Tex. Crim. App. 1994) (stating that it was unnecessary to reach appellate court's alternative holding because court was affirming judgment on another ground).

Chapter 64 of the Code of Criminal Procedure allows convicting courts to order post-conviction DNA testing if the relevant requirements are met. Tex. Code Crim. Proc. art. 64.03. Before ordering testing, the convicting court must determine that the evidence at issue "still exists and is in a condition making DNA testing possible." *Id.* art. 64.03(a)(1)(A)(i). When reviewing a trial court's decision regarding DNA testing, appellate courts "defer to the trial court's determination of historical facts, and its application of law to the facts if it turns on credibility and demeanor, and review de novo applications of law to the undisputed facts." *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Under this standard, appellate courts "defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested." *Id.*

As mentioned above, in its response to Gonzales's request, the State explained that the item could not be located and filed affidavits from Gibbens and Haas explaining that the Austin Police Department and the Texas Department of Public Safety do not have the evidence that Gonzales wanted tested. *See* Tex. Code Crim. Proc. art. 64.02 (requiring State to either submit DNA evidence for testing or provide written explanation regarding why evidence cannot be provided). In reaching its decision, the district court was free to base its decision on the sufficiency of the State's response and the accompanying affidavits. *See Caddie*, 176 S.W.3d at 290; *see also Cravin v. State*, 95 S.W.3d 506, 509 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (explaining that trial court may make its decision on basis of State's response alone and that State is not obligated to file affidavits).

5

Given the standard of review and in light of the record before this Court, we conclude that the State's response and accompanying affidavits were sufficient to support the district court's conclusion that a DNA test could not be performed because the State no longer has possession of the item to be tested. Accordingly, we overrule Gonzales's issue on appeal.

## CONCLUSION

Having overruled Gonzales's sole issue on appeal, we affirm the district court's order.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   July 30, 2014

Do Not Publish